FRED W. HARMON *vs.* WILLIAM H. HARMON.

*Evidence. Exceptions. Practice. Pleading. Stenographer's report.*

When the stenographer's report of the evidence is made a part of the bill of exceptions, and there is a conflict between it and the facts alleged in the formal part of the bill of exceptions, the report will control.

The allegation, in the writ, of an agreement by the defendant to support the plaintiff and his wife during their lives, is sustained by evidence that such support was to be furnished upon the farm conveyed by the plaintiff to the defendant to secure such support.

ON EXCEPTIONS and MOTION FOR A NEW TRIAL.

ASSUMPSIT on a contract for the maintenance of the plaintiff

and his wife during their lives, in consideration of the conveyance to the defendant of a farm owned by the plaintiff.

The verdict was for the plaintiff, and the defendant filed the following bill of exceptions: "The evidence tended to show that the consideration of the contract was the conveyance by plaintiff to defendant of certain personal property, and not the farm as alleged in the writ.

And the evidence, also, on both sides proved that the agreement between the parties was for the maintenance of plaintiff and his wife at the house on the Harmon farm where they then lived. The defendant's attorney requested the presiding judge to instruct the jury that, if the consideration for the agreement by the defendant was the conveyance of the personal property and not the farm, it was a variance from the contract set out in the writ and would not support the action; that if the contract between the parties was that the defendant should support the plaintiff and his wife at the house on the Harmon farm, and was not for their support without any place of performance being stipulated, it would be a variance from the contract set out in the writ, and the action could not be maintained."

The presiding justice refused both requests and instructed the jury that they might regard the evidence as sufficient to support the action.

As appears in the opinion, the evidence, as reported by the stenographer and made a part of the case, was in conflict with the statements in the exceptions.

*A. Libbey,* for the defendant.

*E. F. Pillsbury* and *W. P. Whitehouse,* for the plaintiff.

DICKERSON, J.   The first requested instruction was properly refused because the evidence did not warrant it, as appears by a report of the evidence which is made part of the bill of exceptions, and must control its allegations as to matters of fact.   The plaintiff testified that nothing was said about the stock when the

deed was given, and that the agreement then was that he and his wife were to be supported. The defendant testified that no such agreement was made when the deed was given, but that, at a subsequent time, he agreed to support the plaintiff and wife, and that the stock was then given to him. The testimony of the defendant's two brothers, and his other testimony, upon this branch of the case tends to show that the stock was a gift from the plaintiff to the defendant, rather than the consideration for the contract of support. The evidence upon both sides negatives the proposition that the personal property was the consideration of the alleged contract, and if the jury had returned a verdict for the defendant upon the ground that it was, it would have been set aside as against the evidence.

The second requested instruction was, also, properly refused. Proof is not evidence, but the effect of evidence. A fact or proposition is said to be proved when the result of the evidence adduced in support of it is undoubting assent to its certainty. The report of the evidence produces no such result as is affirmed in the second requested instruction. The evidence on both sides by no means proves that the agreement between the parties was for the maintenance of the plaintiff and his wife at the house on the Harmon farm. The variance between the request and the evidence was a sufficient reason for refusing to give the requested instruction.

But if the language of the requested instruction is to be understood as affirming that there was evidence on both sides tending to prove the proposition it contains, it was, also, properly refused. The conveyance set forth in the writ is identical with the one proved. The variance alleged does not relate to the contract of conveyance, but to the consideration therefor. Even in this respect, upon the plaintiff's theory of the evidence, it does not contradict, and is not inconsistent with, but is only additional to, the allegation in the writ. The defendant's complaint is, that the writ does not set forth the whole of the consideration of the conveyance, inasmuch as it omits to state the place of per-

formance.    We think there is sufficient legal identity between the allegation in the writ and the evidence.    Greater latitude in this respect is allowable with regard to the consideration than to the operative part of the contract.    *Brackett* v. *Evans*, 1 Cush., 79 ; *Smith* v. *Webster*, 48 N. H., 142.

But the alleged variance, if any, is immaterial in this case, as the complaint of the plaintiff is, not that the defendant refused to support him elsewhere than upon the farm conveyed, but that he refused to support him there, in consequence of which he was compelled to leave it ; and the defence is, that if the defendant is bound to support the plaintiff, he has fulfilled his obligation, or has ever been ready to do so.    The defendant, therefore, was not aggrieved by the ruling, and has no legal ground of exception.

Nor can the motion be maintained.    The evidence was conflicting, as is usual in cases of family broils.    The jury were fortunate in being able to agree upon a verdict in the midst of such a maze of contradictions, criminations, and recriminations; and the court is little inclined, without stronger reasons than have been called to its attention, to reopen this, as is to be hoped, the last of a series of suits that have been scarcely less discreditable to the parties concerned than expensive to the county.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.