WILLIAM GRAHAM, PLAINTIFF IN ERROR, v. JOHN HARTNETT, DEFENDANT IN ERROR.

1. **Public Road:** ESTABLISHMENT OF BY DEDICATION. The public may acquire by dedication from the owner an easement in land for the purpose of travel.

2. ——: ——: ASSENT OF OWNER NECESSARY. But to establish the existence of a public road in this manner, the clear assent of the owner in some way to such use of his land is necessary.

3. ——: ——. If acts alone of the owner be relied on to prove it, they must be such as to clearly manifest an intention

NOTE.—Where the location of a county road over the *locus in quo* is plead in justification of an alleged trespass, it is necessary that the preliminary jurisdictional steps in the location of such road be established, or the defense will fail. *Robinson v. Mathwick*, 5 Neb., 253. *Doody v. Vaughn*, 7 Neb., 81. A dedication is the act of devoting or giving property for some proper object, in such manner as to conclude the owner. It may be made by parol, and may be presumed by lapse of time. *The State v. Otoe County*, 6 Neb., 133—REP.

to dedicate, and the public must have so acted with reference to it as to indicate an acceptance thereof.

4. ———: ———. The building of a bridge by the county on a road leading to and across the plaintiff's land, he not being either by word or deed connected therewith, is no proof against him of dedication.

5. ———: ESTABLISHMENT OF BY USER. The existence of a legal public road over the premises of a private person may be shown by *user* alone, but in such case the *user* must have been with the knowledge of the owner, and have continued the length of time necessary to bar an action to recover the title to land. This rule, however, does not apply when the user is of wild uninclosed prairie land.

6. ———: EVIDENCE: ADMISSION. An entry in the county commissioners' record, purporting to be a statement to the county clerk that the owner of land, for a stated consideration, had agreed to release the county from the payment of damages awarded him for locating a public road across his land, is not competent evidence against him, without showing that he either made or authorized the statement.

7. Practice in Supreme Court: ASSIGNMENT OF ERROR. An assignment in error "that the court erred in admitting the testimony" of the witnesses (naming them), when objection was made to only a portion of such testimony, is too indefinite to be noticed. The particular portions of the testimony aimed at should be pointed out with reasonable certainty.

8. Charge of Jury: FACT UNPROVED. Where there is no evidence warranting the finding of a material fact, it is not error for the judge, in charging the jury, to say or to assume that such fact is unproved.

THIS was an action brought by Hartnett against Graham, in the district court of Dakota county, for trespass on land belonging to Hartnett. Graham justified by setting up in his answer that "at the time of said alleged trespass there was a common and public highway over said premises, and on and over which all persons had a right to pass, and that defendant with his stock did pass over the same, as he had a right to do, doing no unnecessary damage; and because the fence thereon obstructed the same he and one Patrick

Reilly did remove said obstructions thereon." Reply denying that there was a public highway over said land, etc. Trial had before SAVAGE, J., sitting for BARNES, J. Verdict for Hartnett for $49.40. Judgment on verdict. Exceptions by Graham, who brought the cause here on a petition in error.

*Isaac Powers, Jr.*, and *Thomas L. Griffey*, for plaintiff in error.

Dedication by parol is sufficient to establish a public highway. 15 Ind., 201. 9 Wis., 240. 27 Iowa, 15. 19 Conn., 250. And length of time is not material. 1 Oregon, 59. 6 Mich., 176. Continued use with the consent of the owner is proof of dedication. 8 Ind., 219. 22 Cal., 546. And use by the public is evidence of acceptance. 29 Conn., 157. 16 Ind., 451. And when so accepted and used the owner and all claiming under him are estopped from asserting any right inconsistent with such use. 42 Me., 9. 2 Wash., 456. 6 Peters, 438. 19 Pick., 404. 6 Vt., 355. 2 Dillon on Mun. Cor., sec. 491, and cases cited. And whether or not the evidence offered by the defendant in the court below was sufficient to establish a dedication, it tended to prove that fact, and should have been submitted to the jury, and it was error in the court to rule it out. *Cemetery Ass'n v. Messinger*, 14 Kan., 316. 58 Ill., 483.

*Joy & Wright*, for defendant in error.

There was no offer to prove the user by the public of this road for more than six years. The limitation of actions to recover real property in Nebraska is ten years. The general rule is that to establish a highway by prescription, there must have been a general, uninterrupted use of the same as such by the public under

a claim of right for a period equal to that for the limitation of real actions. Washb. on Easement, 2d Ed., 177, and cases cited. *State v. Tucker*, 36 Iowa, 485. *State v. Green*, 41 Iowa, 693. 7 Cent. Law Jour., 123. 73 Pa. St., 109. *Parker v. Foote*, 19 Wend., 309.

A dedication of land to public use, as for a highway, cannot be established by mere occupancy alone. It must be shown that the occupancy or use was with the knowledge and acquiescence of the land owner for the full period fixed by the statute of limitations of real actions. *Onstott v. Murray*, 22 Iowa, 457. *Manderschid v. Dubuque*, 29 Iowa, 73. *Daniels v. R. R. Co.*, 35 Iowa, 129.

There being no proof whatever offered that the public used this road under permission granted by plaintiff, no evidence that the public accepted it doing any work upon it, and no proof offered that plaintiff ever knew that the public claimed a highway upon his land where the same was fenced, there could be no highway by prescription or dedication, and the testimony offered did not tend to prove any of these necessary facts. *State v. Green*, 41 Iowa, 693. *State v. Crow*, 30 Iowa, 258. *State v. Gould*, 40 Iowa, 372.

LAKE, J.

The plaintiff in error, who was the defendant in the district court, having admitted substantially the acts constituting the alleged trespass, was bound to prove on the trial, in order to prevent a recovery of damages, that the *locus in quo* was a legal public road, as claimed in his answer. This, we think, he failed most signally to do, and we are now to inquire whether this failure was, as he claims, caused by erroneous rulings of the court against him.

It appears that this portion of the plaintiff's land,

until quite recently, had never been inclosed, and was wild, uncultivated prairie; that for several years there had been along near the south line thereof a traveled way, known as the "slough road." It does not appear, however, that this road, as traveled, followed any specified line, or was confined within any defined limits, until after the plaintiff fenced his land early in the summer of the year 1878, when he left uninclosed, along the section line, a strip about thirty feet wide, as the adjoining proprietor on the south of him had previously done, whereby he sought to confine the travel within sixty feet, the usual width of an ordinary county road.

As we understand them, counsel do not claim that they offered testimony adequate to prove that the requisite statutory steps to make this road, as traveled before it was thus fenced out, a legal highway, had ever been taken, but they do claim that they offered evidence, which the court rejected, from which the jury would have been justified in finding that it had become such by dedication to public use. That the public may acquire by dedication from the owner an easement in land for the purpose of travel is too well settled to be questioned, and is not questioned here. But, as was said by the supreme court of the United States in *Irwin v. Dixon et. al.*, 9 How., 10: "The idea of a dedication to the public of a use of land for a public road must rest on the clear assent of the owner in some way to such dedication." Where, however, acts alone are relied on to prove it, they must be such as to clearly manifest an intention to dedicate, and the public must have acted upon them in a manner indicating an acceptance thereof. *Gwynn v. Homan*, 15 Ind., 201. *Trickey v. Schlader*, 52 Ill., 78.

But where it is sought to show the existence of a legal public road by *user* alone it must have been with

the knowledge of the owner, and have continued the length of time necessary to bar an action to recover the title to land, which in this state is ten years. *Manderschid v. Dubuque*, 29 Ia., 73. *Daniels v. R. R. Co.*, 35 Id., 129. This rule, however, does not apply when, as in this case, the *user* is of wild, uninclosed prairie land. *State v. K. C. & C. R. R. Co.*, 45 Id., 139. Therefore, the exclusion of the proposed testimony of the witness Riley and others to show *user* was not error, there being no acts nor declarations by Hartnett indicating an intention on his part permanently to surrender the track or tracks as traveled to public use.

Another of the alleged errors is the exclusion from the jury of certain records kept by the county commissioners. The first of these records recited the action of the commissioners concerning the building of a bridge and grading the approaches to it, "so as to make a good passable road  *  *  *  *  across the slough near the mouth of Pigeon creek." The bridge, as this record discloses, was built, accepted by the commissioners, and paid for; but as to the "approaches," nothing beyond the letting of the contract appears.

There is nothing in the evidence from which it can possibly be gathered that this bridge bore any relation to the road leading across Hartnett's land, except the occasional use of the term "slough road," which is also the term used in the county record. However, conceding it to have been on that thoroughfare, neither the bridge, nor the " approaches," nor any part thereof, were shown to have been at the point of dispute, nor indeed on any part of Hartnett's land.

But even if the use of the traveled track at the point of dispute were necessary to the enjoyment of the bridge as intended by the commissioners, there was no evidence, either given or offered, connecting Hartnett,

by word or deed, with this expenditure of public funds. This record, therefore, tended in no way to prove dedication, and was properly rejected as wholly immaterial to the issue being tried.

The other rejected record was in these words: "W. C. McBeath, Clerk. In the matter of damages allowed John Hartnett on his claim for the location of the slough road, he, the said Hartnett, agreed not to accept the amount, ten dollars, allowed him, on condition that the road be made passable for ordinary travel."

Admitting that this refers to the same John Hartnett whose land is now the subject of controversy—which, however, is not affirmatively shown—we fail to see any reason why he should be affected by it. It purports to be the copy of a statement to the county clerk of a fact which may or may not have been well founded. Of itself, it was not evidence against Hartnett, nor could it be made so except by showing that he either made or authorized it. The court did not err in excluding it.

One of the assignments of error is, "That the court erred in admitting the testimony of G. W. Obershotte and G. C. Granger, offered by the said Hartnett at the said trial." This is too indefinite to be regarded, as much of the testimony of these witnesses was admitted without objection. This point, however, is not noticed by counsel in their brief, and probably was not relied on.

The only other objection to be noticed is that made to the first instruction to the jury, which was based upon the assumption by the court that Graham had wholly failed in his attempt to justify the acts of alleged trespass admitted in his answer. The jury were told, in substance, that the only question for them to settle was the amount of damages the plaintiff had sus-

tained in consequence of said illegal acts. In this there was no error, for the evidence, or rather the want of evidence, on the part of the defendant below fully justified this assumption.

JUDGMENT AFFIRMED.