DAVID CYR vs. THOMAS MADORE, and others.

Aroostook. Opinion December 2, 1881.

*Ways over state lands. Dedication.*

A public way over lands belonging to the State, set apart for settlement, can be established only in the manner pointed out in *Burns* v. *Annas*, 60 Maine, 288.

A party in possession without title, cannot make a valid dedication, which will bind his successors in the possession when he has obtained a good title; nor can the local land agent, acting either personally or by an assistant, accept a dedication thus made so as to give the public any rights in the premises.

Silent acquiescence in the use of a way by the public across his land, even for several years, is not of itself sufficient to establish a dedication by the owner. The maintenance of a fence with bars or gate across the way by the owner of the land, at any time, is evidence negativing his intention to dedicate.

The naked fact that the owner has suffered the way to remain open for a few years without maintaining such fence, will not of itself prove a change of intention.

ON REPORT.

Trespass for breaking and entering plaintiff's close, called lot No. 13, in Cyr plantation, and tearing down and destroying the plaintiff's fence, and plowing and digging plaintiff's land.

Plea, not guilty, and a brief statement alleging that there was a public way by dedication and acceptance, over and upon the lot No. 13, and the acts complained of were committed within the limits of that way, in removing obstructions and making necessary repairs.

The opinion states the facts which were found material.

*L. R. King,* for the plaintiff, cited: *White* v. *Bradley*, 66 Maine, 254; Angell on Ways, § 153; *Maine* v. *Bradbury*, 40 Maine, 154; *Mayberry* v. *Standish*, 56 Maine, 342; *Hinks* v. *Hinks*, 46 Maine, 423.

*P. C. Keegan,* for the defendants, in an elaborate argument, contended that there was a dedication of this road and acceptance, many years ago, and that it has since been continually used by the public, and the acts complained of were the suitable acts of defendants within the limits of the way in making the necessary repairs to the road.

BARROWS, J.   The defendants attempt to justify the acts of which the plaintiff complains, upon the ground that the locus was part of a public way in which the public had acquired rights by purchase, by prescription, or by dedication and acceptance. That it has been used under some limitations by the public since eighteen hundred and sixty or eighteen hundred and sixty-one, for a way, incumbered with gates or bars during the first years, and not open until within the last twelve years, is established by the testimony of John B. Farrell and A. S. Richards called by the defendants, and Dennis Farrell called by the plaintiff.   The two last named first prepared it for use as a way, Richards acting at the request of the local land agent, and Farrell being at that time in possession of the lot.   The date which they assign to their operations shows conclusively against the vague recollections of the witnesses who testify to a road there more than twenty years ago, that no rights by prescription can have been acquired.

Richards's testimony, in the absence of positive recollection of the payment or allowance of any sum to Dennis Farrell as a consideration for his permission to traverse any part of lot 13 with the road, could not avail, against Farrell's positive denial, to establish any right by purchase, even if it could be supposed that the employee of a local land agent, and the party in possession, had any power thus to incumber a lot of land, the title to which remained in the State.   They had no such power.   The only mode of making a legal location of a way over State lands set apart for settlement, is pointed out in *Burns* v. *Annas,* 60 Maine, 288, where, among other things, it is held that the land agent himself has no power to dedicate the State lands for a way, or to cause a location over them, except in the manner prescribed by the statute.   The defence is reduced to an inquiry whether

there is sufficient evidence to show a dedication of the locus by David Cyr the plaintiff, who got his title to the land from the State, in eighteen hundred and sixty-nine, or a ratification by him of an asserted dedication by Dennis Farrell, whose possessory right the plaintiff also acquired some years before he received his deed from the State.

We do not deem it necessary to determine from the conflicting testimony given by Richards and Dennis Farrell, whether the permission given by the latter to make a road across lot 13, while it was in his possession, for the convenience of the settlers that might come upon the back lots, was temporary or permanent. No dedication, however full and complete, made by one whose only right in the premises was that arising from a naked possession could bind those who afterwards acquired an unincumbered title from the State, nor does the fact that the plaintiff purchased Dennis Farrell's possessory right before he got his deed from the State, bind him to make good any dedication which Farrell might have assumed to make. He does not claim the land under any title derived from Farrell, for Farrell had none. Farrell's permission then could avail no one after his possession ceased. For no one can make a dedication of this sort, unless he has the fee in the land. It is obvious that an intruder or a tenant cannot thus permanently impose a burden upon land to which he has no title. *Schenley* v. *Commonwealth*, &c. 36 Penn. State, 29; *Ward* v. *Davis*, 3 Sandf. 502; *Gentleman* v. *Soule*, 32 Ill. 279.

We look in vain for the clear proof of an intention to dedicate on the part of David Cyr, which is necessary to give the public any right of way in the premises. At most, a silent acquiescence in the use of the way by his neighbors on the back lots and the public for some years, is all that we have to indicate it. But it appears that he has not lived upon the lot all the time. When he first went there, the fence and bars erected by Dennis Farrell, seem to have been maintained. When they disappeared is not in evidence. Perhaps, during his absence. But the maintenance of them at any time, is to be regarded as evidence negativing the intention to make it a public way; and the failure to keep them

up, even for a considerable time, is not considered sufficient proof of a change of intention. *Commonwealth* v. *Newbury*, 2 Pick. 57, 58; *Roberts* v. *Karr*, 1 Camp. 262; *White* v. *Bradley*, 66 Maine, 260; *Carpenter* v. *Gwynn*, 35 Barb. 395, 406.

Without other evidence of intention on his part to dedicate his land to public use, it was the duty of his neighbors, when he rebuilt the fence and ploughed and sowed his land to grain, to respect his rights of property therein. The testimony seems to connect all the defendants with the trespasses committed, Achille Parent as well as the others.

*Judgment for plaintiff for $10 and costs.*

Appleton, C. J., Virgin, Peters, Libbey and Symonds, JJ., concurred.