ROBERT. G. BROWN, APPELLEE, v. H. E. STEIN, COUNTY
CLERK, ET AL., APPELLANTS.

FILED JANUARY 3, 1894. No. 6084.

1. **Highways:** DEDICATION: PROOF. In order to establish the existence of a public highway over private property by dedication the *animus dedicendi* is essential, and must be clearly proved.

2. **Evidence** examined, and *held* insufficient to establish a dedication of the property in controversy as public streets.

APPEAL from the district court of Clay county. Heard below before HASTINGS, J.

The facts are stated in the opinion.

*J. L. Epperson & Sons,* for appellants, cited: *Likes v. Kellogg,* 37 Neb., 259.

*Leslie G. Hurd, contra:*

To constitute a dedication of private property for public streets an intention on the part of the owner to dedicate is absolutely essential, and unless such intention can be found in the facts and circumstances, no dedication exists. (2 Dillon, Municipal Corporations, sec. 636; *Irwin v. Dixion,* 9 How. [U. S.], 31; *Harding v. Jasper,* 14 Cal., 643; 2 Herman, Estoppel, sec. 1142; *City of Chicago v. Stinson,* 124 Ill., 610; *City of Chicago v. Hill,* 124 Ill., 646; *Gentlemen v. Soule,* 32 Ill., 271; *Harding v. Town of Hale,* 83 Ill., 506; *Kyle v. Town of Logan,* 87 Ill., 66; *Saulet v. City of New Orleans,* 10 La. Ann., 81.)

POST, J.

This was a proceeding in the district court of Clay county, by the appellee Brown, to restrain the defendant Stein, as county clerk, from recording an alleged plat of the

first addition to the city of Clay Center, and the defendant city from using and claiming the property hereafter described as public streets.

From the uncontroverted allegations of the pleadings it appears that in the year 1884 the plaintiff and two others caused to be laid out and platted the first addition to the said city. Said parties at the time named were the owners of a strip of land 93 feet in width at the north end and 113 feet wide at the south end thereof, adjoining the city on the west, and conforming in length with the west line of the city as originally laid out. The strip thus described is designated on the plat as block 18, and subdivided into lots marked consecutively from 1 to 54, inclusive of both numbers. Of said lots those marked from 21 to 23, inclusive, are 25 feet wide, all others being 50 feet wide, except lots 6, 20, and 40, the property in controversy, which are 80 feet, and correspond in width with the east and west streets of the city on which they abut. The plaintiff, who has by purchase acquired the rights of the other parties interested in said lots, alleges that he now holds them by title in fee-simple; that he has never dedicated or otherwise appropriated them to the use of the city, but that said city now uses and claims them as public streets, to-wit, as extensions of Glenville, Fairfield, and Harvard streets, upon which they abut, and has prepared a new plat of said addition, on which they are designated as parts of said streets, and which it threatens to file in the office of the county clerk, thereby casting a cloud upon his title. It is also alleged by the plaintiff, and not denied, that ever since said land was laid out and platted as aforesaid the property in controversy has been listed and assessed for taxation as lots 6, 20, and 40 of block 18, in the said addition, and that he has paid all taxes thus assessed against them for state, county, and city purposes. There is no claim by the city that the property in controversy, or any part thereof, has been acquired for public use by purchase or condemnation;

nor is it seriously contended that the act of laying out and platting the strip known as "Block 18" amounts to a dedication of the lots or tracts in question as highways, notwithstanding they conform in width to the streets of the city, and, but for their designation as lots, might seem to be extensions thereof. The reliance of the city as already indicated is upon a common law dedication. In addition to the facts above stated it appears from the bill of exceptions that block 18 was bounded on the west by the property described in the record as the "Kincaid Pasture," and used for agricultural purposes by the proprietor.

In the month of September, 1886, certain other parties purchased a part of the property last mentioned and laid out Eller's addition, adjoining block 18. Afterward the Kansas City & Omaha Railroad Company located its depot and side tracks in Eller's addition, which rendered access thereto across said block desirable, if not necessary. It seems to have been understood at the time the last-named addition was laid out that the streets of the city did not extend through block 18, since Eller, one of the proprietors thereof, who held the title to the premises by deed from Kincaid, represented to the latter, at the time of the purchase from him, that it would cost about $2,000 to open the streets through block 18; and at another time Messrs. Martin and Dixon, who were also interested in said addition, visited plaintiff at his home in Sutton to negotiate for the opening of said streets. It is shown that since the construction of the railroad through the city, in 1877, one or more of the lots in controversy have been in constant use as a street by the public, and continues to be the only road connecting Eller's addition with the city proper. It is further shown that the city has graded one of the lots, to-wit, lot No. 20, claiming it to be an extension of Fairfield street, and has caused some sidewalks to be constructed on each of them, but neither the date, amount, nor value of such improvement is apparent from the record.

It does not appear that the plaintiff ever recognized the claim which the city now asserts to the lots. On the other hand, he testifies, without contradiction, that he always asserted his title thereto; that he has frequently urged the city authorities to purchase or condemn them for use as streets, but that no action was taken, for the alleged reason that there were no funds available for that purpose. In the month of July, 1877, he caused a stout board fence to be built across the front of lot 20, apparently the one most used by the public, after notifying the city authorities of his intention to do so, but which was removed a few hours later by parties unknown to him. He admits that the purpose of the proprietors of the addition in making the lots in question conform in width to the streets was to subsequently dispose of them to the city. He testifies further as a reason for demanding compensation for them, that as one of the proprietors of the original town he had been obliged to give away a large number of lots in order to secure the location there of the county seat. The proof fails to show that any person was induced to purchase or improve property in the city, or either of the additions named, in the belief that the streets extended through block 18. The most that can be claimed is, that a general understanding existed that in consequence of the extension of the city in that direction, a corresponding extension of the streets would eventually be required. The district court found for the plaintiff upon all of the issues and entered a decree in accordance with the prayer of the petition. With that decree we are entirely satisfied. It is clear from the record that the *animus dedicendi*, which is essential in order to create an easement in favor of the public, is wanting. The rule is too well settled to now admit of controversy, that in such cases the intention to dedicate is essential and must be clearly shown. (See *Graham v. Hartnett*, 10 Neb., 517; 2 Dillon, Municipal Corporations, 499.) In this state private property cannot, without the

consent of the owner, be taken or used for public purposes without compensation therefor. (Bill of Rights, sec. 13.) It was incumbent upon the city in this case to show affirmatively the intention of the plaintiff to appropriate the lots in controversy to the use of the public as streets, or such facts as would in equity estop him to now deny such intention; but, as we have shown, there is upon that proposition a failure of proof.

2. We are referred as sustaining the contention of the city to the case of *Likes v. Kellogg*, 37 Neb., 259.· That case we think differs essentially from the one under consideration. There the intention to dedicate is evident from the facts stated. The tracts or parcels of land there in controversy were not designated as lots, nor were there any facts apparent from the·recorded plat, or otherwise, indicating private ownership, or that they had been listed or assessed for taxation. On the other hand, numerous persons, nineteen or more, were induced ·by the conduct of Stone, the proprietor, and his agent to purchase property and make valuable and lasting improvements in the addition therein named, in the belief that the spaces between the blocks as laid out and platted were, in fact, streets.

3. Proof was offered tending to show that the original plat of block 18 bears evidence of having been altered. The evidence of the county clerk is that shortly after the filing of the plat of Eller's addition some one inquired for the plat of the first addition, and, on producing it, he observed that the east line of the lots in controversy had been erased, but whether before the filing of the plat or subsequent thereto he cannot say. He subsequently examined the plat and found the lines in question had been restored. It is not shown that the plaintiff, or his agents, had access to the records, nor does the city attempt to explain such apparent alterations, while the plaintiff testifies positively that the exterior lines of the said lots were all shown upon the plat as originally prepared and filed. On that point he

is strongly corroborated by the surveyor who prepared the plat, Mr. Groff. The finding of the district court upon that, as well as upon all controverted propositions, was for the plaintiff, and is clearly in accordance with the evidence. The decree is right and is

AFFIRMED.

38    601
38    655
38    830

38    601
40    184
40    581
41    353
41    855

38    601
44    821

38    601
48    736

38    601
49    489
49    686
52    421

38    601
57    653