Hon. T. L. NORVAL, } JUDGES.
Hon. J. J. SULLIVAN, }

Hon. ROBERT RYAN, }
Hon. JOHN M. RAGAN, } COMMISSIONERS.
Hon. FRANK IRVINE, }

---

HENRY E. LEWIS, APPELLEE, V. CITY OF LINCOLN, APPELLANT.

FILED MAY 4, 1898. No. 8031.

| 55 | 1 |
|----|----|
| 56 | 503 |

1. **Dedication: PLAT: STREETS.** An effectual statutory dedication of land for use as a public street cannot result from the filing of a plat, in the office of the county clerk or register of deeds, by one who is not the owner of the fee.

2. **Highways: PRESCRIPTION.** To establish a highway by prescription there must be a continuous user by the public under a claim of right, distinctly manifested by some appropriate action on the part of the public authorities, for a period equal to that required to bar an action for the recovery of title to land.

3. ———: **SECTION-LINES: DAMAGES.** A resolution adopted by a board of county commissioners purporting to establish a section-line road, within the county for which they are acting, is valid as a preliminary order; but before such road can be actually opened

5                (1)

there must be a proceeding upon proper notice to ascertain damages.

4. **Eminent Domain**: DAMAGES: CONSTITUTIONAL LAW. Under section 21, article 1, of the constitution, which declares "The property of no person shall be taken or damaged for public use without just compensation therefor," a landowner cannot be required to surrender his land for public use until his damages are first ascertained and either paid or proper provision made for their payment.

5. **Quieting Title**: STREETS: CITY. Where a city asserts the existence of a public street, and seeks to have its title thereto quieted and confirmed as against the general owner of the land, it must show affirmatively every fact essential to the establishment of its claim.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J. *Affirmed.*

*N. C. Abbott*, for appellant.

*Harwood, Ames & Pettis, contra.*

SULLIVAN, J.

By its answer appellant claims that the strip of land in controversy in this action is a part of Twenty-seventh street, in the city of Lincoln, and asks to have its title thereto quieted and confirmed as against Henry E. Lewis, who is conceded to be the fee owner of the tract of which the disputed strip is a part. The city claims title by dedication, by prescription, and under an order of the county commissioners of Lancaster county purporting to establish a public road over the *locus in quo*. The assertion of title by virtue of a dedication is based on the fact that the disputed strip is embraced in the plat of an addition to the city of Lincoln filed in the office of the county clerk of said county by James O. Young, a former owner of the tract of which the land in question formed a part. The filing of this plat was manifestly ineffectual as a statutory dedication, because it did not profess to devote this strip to the use of the public as a street, and for the further and more forceful reason that Young was not the owner of the strip when the plat was filed, having

sold and conveyed it to another some months prior to that time. The evidence touching the establishment of an easement by prescription is somewhat conflicting and equivocal, but we think it fails to sustain appellant's claim in that regard. The principle to be deduced from the authorities seems to be that a highway may be established by continuous adverse user by the public for a period equal to that required to bar an action for the recovery of title to land; but the use by the public must be under a claim of right distinctly manifested by some appropriate action on the part of the public authorities. If the use was by the express or implied permission of the owner of the land, and the public authorities have not improved or repaired it as a highway or exercised any control or dominion over it, a road by prescription is not established. (*Lanier v. Booth*, 50 Miss. 410; *Irwin v. Dixion*, 9 How. [U. S.] 10; *Stewart v. Frink*, 94 N. Car. 487; *Blanchard v. Moulton*, 63 Me. 437; *Cyr v. Madore*, 73 Me. 53; *Pentland v. Keep*, 41 Wis. 490; *State v. Green*, 41 Ia. 693; *Engle v. Hunt*, 50 Neb. 358.) The second point in the syllabus of the last mentioned case states the rule as follows: "To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action to recover the land." The evidence in this case shows clearly enough that Lewis and his predecessors, in the ownership and occupancy of the premises adjoining the disputed strip, always considered themselves the owners of the strip and continuously used it to some extent, and exercised dominion over it in their own right. On the other hand, it does not appear that the city authorities ever did anything until just prior to the commencement of this action to indicate that they claimed the strip as part of a public street.

It is said by counsel for appellant that Lewis' occu-

pancy and use of the strip were permissive, and in support of the assertion we are referred to certain general ordinances of the city of Lincoln conferring upon lot owners the right to use portions of the streets in front of their premises for the cultivation and care of ornamental trees. But, since Lewis was the owner of the fee, it may with equal or greater reason be insisted that the very limited use by the public of the sidewalk first laid in front of his house was permissive and not adverse.

It appears from the record that on November 1, 1882, the county board of Lancaster county made an order for the establishment of a section-line road over and across the *locus in quo.* The proceedings were taken under the general provisions of the road law, but there is no legal evidence before us that there was any substantial compliance therewith. However, as the order contemplated the establishment of a road on a section-line, it was undoubtedly valid as a preliminary order. (*Throckmorton v. State,* 20 Neb. 647; *McNair v. State,* 26 Neb. 257; *Howard v. Brown,* 37 Neb. 902; *Rose v. Washington County,* 42 Neb. 1; *Barry v. Deloughrey,* 47 Neb. 354; *Oyler v. Ross,* 48 Neb. 211.) But before the county commissioners could physically appropriate the land in question it was necessary that they should give the owner notice and ascertain his damages and pay, or provide for the payment, of the same. Section 21, article 1, of the constitution declares: "The property of no person shall be taken or damaged for public use without just compensation therefor." And it has been repeatedly held that before a landowner can be required to surrender possession of his land for a public use his damages must be first ascertained and either paid or proper provision made for their payment. (*Republican Valley R. Co. v. Fink,* 18 Neb. 82; *Zimmerman v. County of Kearney,* 33 Neb. 620; *Livingston v. Commissioners of Johnson County,* 42 Neb. 277.) In the last mentioned case it was further held that this compensation must be provided whether the landowner makes claim for damages or not. And in the case of *Barry v.*

*Deloughrey, supra,* it is said: "The county board may, without petition or notice, make a preliminary order establishing a section-line road, or declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages." In this case it does not appear that any notice was given by the board after it acquired jurisdiction to act. Neither does it appear that there was any action taken for the ascertainment of damages, but, on the contrary, it is fairly inferable from the record that no such action was taken. Consequently, the county authorities never acquired the right to take the land in dispute and use it as a highway; and, indeed, it is not disclosed by the record that they ever attempted to do so. This being an action in which the city, by its counter-claim, seeks to have an easement adjudged to exist across the appellee's land, it is for it to show affirmatively every fact which is essential to the establishment of its claim. (*Robinson v. Mathwick,* 5 Neb. 252.) We are satisfied from an examination of the entire record that Lewis's title to the portion of the disputed strip involved in this appeal has not been divested, and the decree of the district court is therefore

AFFIRMED.