JOHN A. NELSON, APPELLANT, V. ISAAC SNEED, APPELLEE.

FILED MARCH 22, 1906. No. 14,224.

Highway: PRESCRIPTION. "To establish a highway by prescription
there must be a user by the general public under a claim of
right, and which is adverse to the occupancy of the owner of the
land, of some particular or defined way or track, uninterruptedly,
without substantial change, for a period of time necessary to
bar an action to recover the land." *Engle v. Hunt*, 50 Neb. 358;
*Bleck v. Keller*, 73 Neb. 826.

APPEAL from the district court for Otoe county: PAUL
JESSEN, JUDGE. *Reversed with directions.*

*W. F. Moran*, for appellant.

*John C. Watson*, contra.

EPPERSON, C.

The plaintiff owns lot 12, in block 116, in Greegsport
addition to Nebraska City. This lot is 120 feet north and
south, and 48 feet east and west. Plaintiff brought this
action in the district court for Otoe county to enjoin the
defendant from trespassing upon this lot and lot 11 abut-
ting it on the west, and from destroying plaintiff's fences
and gates erected thereon. There was a judgment in the
court below for defendant, and the plaintiff brings the
case here on appeal.

Running north and south on the east side of lot 12 there
was platted and dedicated to the public, several years ago,
a highway, known as "Second Street," and abutting the
lot on the south was a highway, running east and west,
known as "Sixth Avenue." Three years prior to the filing
of this suit plaintiff constructed, near the southeast cor-
ner of the lot, a gate in a line of fence running east and
west. The evidence conclusively shows that the fence and
gate are south of the south line of plaintiff's property, and
clearly within Sixth avenue. The defendant claims that

for 14 years he and the public generally have traveled upon the road as it is now used by him, and which was obstructed by the aforesaid gate, and that the public had by ten years' user acquired a prescriptive right thereto. Prior to the institution of this suit plaintiff locked his gate and forbade the defendant going upon the premises. Defendant, believing the road he was accustomed to travel was a public highway, forcibly opened the gate and continued to use the road until enjoined.

The only question presented is whether the public has acquired a prescriptive right to the use as a highway of the strip of land upon which the defendant was accustomed to travel, by user thereof for a period of time sufficient to bar an action to recover possession thereof. The fact that the gate was situated upon property not belonging to the plaintiff, and the fact of its destruction by the defendant, we consider of no particular importance. Irregularity in the habits of the Missouri river is responsible for this trouble. When Greegsport addition to Nebraska City was platted about 40 years ago, the premises in controversy were at a distance of about 250 feet west from the west bank of the Missouri river. From time to time this wily stream encroached upon its bank until in the spring of 1898 it reached and submerged the greater portion of Second street, which abutted the plaintiff's lot. The evidence is undisputed that during all this time there has been used for travel, by those having occasion to pass plaintiff's property, a road along the west bank of the river, which would change as the river changed. This use was not by the public generally, and it seems it was limited to the defendant and one of his neighbors, and to others occupied in hauling ice or wood in certain seasons. There was no evidence that the road was ever worked by the city authorities, nor that Second street was ever used for travel until it became the west bank of the river. The road had no definite location, and there were no fences or other monuments indicating the lines of the alleged highway. The defendant testified that for fourteen years he had used the

driveway where it is now located. Many of his witnesses, however, and many of plaintiff's witnesses testified, and we think the proof clearly shows, that the road as now used through plaintiff's property was not used until 1898, when the travel was driven to the present location of the road on account of a sudden change of about 35 feet by the river to the west. Even had the defendant used a part of plaintiff's lot for 14 years, he failed to establish that such use was adverse to the occupancy of the plaintiff or his grantors, and that it was limited to a particular or defined way or track, without substantial change. It is a well established rule in this state that "to establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action to recover the land." *Engle v. Hunt,* 50 Neb. 358; *Bleck v. Keller,* 73 Neb. 826.

There is some doubt as to how much of the road is upon the plaintiff's property. That it runs through the north part of the lot is not questioned. There is a conflict in the evidence of civil engineers as to the south part. This difference arises on account of an uncertainty as to the location of the line between lot 12 and Second street. It is peculiar that there should be a difference in the plats made by competent surveyors, but such is the case. One plat shows the east line of lot 12, 25 feet from the river, leaving a portion of the road in controversy east of lot 12. This plat was made by one who was not called to testify, but was verified by the testimony of a competent civil engineer who had measured the distances, but who fails to show that his survey was based upon any established monument. We accept as conclusive on this point the plat verified by the county surveyor which, though not very satisfactory, shows a survey made by the witness who took for his starting points the line of Second street north and south of the property in controversy. His survey shows that the high

land, or west bank of the river, begins at a point only four feet east of the southeast corner of plaintiff's lot, and continues in a northerly direction, bearing slightly to the west, extending west of the northeast corner of said lot, a distance of about 20 feet, the west bank of the river intersecting the east line of the lot at a point about midway. Substantially all of Second street east of lot 12 is submerged; and as the objectionable road is along the bank of the river, it necessarily traverses the plaintiff's property from north to south. From the proof we conclude that the use by the plaintiff and the public of the land in controversy had not been of such a character as to establish a prescriptive right thereto, and the prayer of the petition ought to have been granted.

We therefore recommend that the judgment of the district court be reversed, with directions to the court below to enter a decree granting the perpetual injunction asked by plaintiff.

AMES and OLDHAM, CC., concur.

By the Court: For reasons appearing in the foregoing opinion, the judgment of the district court is reversed and the district court directed to enter a decree granting the perpetual injunction prayed for by plaintiff.

REVERSED.