PIERSON D. SMITH, APPELLEE, V. J. L. NOFSINGER ET AL., APPELLANTS.

FILED MAY 20, 1910. No. 16,053.

1. **Highways: PRESCRIPTION.** To establish a highway by user, the general public must have traveled a definite path or way without substantial change, uninterruptedly for ten consecutive years, under a claim of right adverse to the owner of the fee.

2. ——: ——. If the owner permits the public to travel the way, or during the ten years interrupts such use and excludes the public therefrom, or travel is substantially and permanently diverted from one locality to another, the user will not ripen into an absolute easement in favor of the public.

3. **Appeal:** EQUITY: JURISDICTION. Where the defendant without objection joins issue in an equitable action prosecuted to enjoin him from trespassing upon the plaintiff's land, and prays for affirmative equitable relief with relation to the subject matter of the controversy, he will not be heard on appeal to question the jurisdiction of the court to hear the action in equity.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*A. M. Post* and *A. E. Garten,* for appellants.

*H. C. Vail, contra.*

ROOT, J.

This is an action in equity to enjoin the defendant from trespassing upon the plaintiff's land and for general equitable relief. The plaintiff prevailed, and the defendants appeal.

1. The record discloses that plaintiff since 1871 has controlled, and since 1898 has owned, the northeast quarter of section 19, township 19, range 6 west, in Boone county. The defendant, J. L. Nofsinger, owns the south half of the northwest quarter of section 20 in said town and range, and for many years has rented the northwest quarter of section 19. There is a public road on all sides of said section, and one north and south through the center thereof. Some time prior to 1884 a public schoolhouse was built in the southeast corner of the northwest quarter of the section. Since the construction of said building, children and adults residing east and southeast of that point, in going to and from the school-house, have traveled over the plaintiff's land; the defendant during about the same period, in going to his landlord's premises and returning therefrom, has traveled across said land, and other persons occasionally have crossed said premises. In 1894 the plaintiff broke the raw prairie in said quarter section, and thereafter has cultivated the soil, except in and along Plum creek, which runs diago-

nally through said farm. The testimony is somewhat con-
flicting, but we are convinced that before the prairie sod
was broken in 1894 travel across the plaintiff's land was
not confined to any particular path, and there was ab-
solutely nothing in the circumstances connected with that
use to suggest to the plaintiff that the public claimed any
right of way over his land. Since 1894 the greater part
of the path traveled by the public during the fall and
winter has been plowed in the spring, and small grain or
corn planted thereon. During the spring and summer
seasons the defendants and other persons have followed
the turning row where corn was planted, and at times
have driven over the small grain. Travel at all times has
been light, and until 1902 did not follow a definite and
consistent path. At some points the path crossed the half
section line, and for a space was upon the southeast quar-
ter of said section. Only at the point where the way
entered the plaintiff's land near the southeast and south-
west corners thereof, and where it has followed a certain
curve of Plum creek, has the path remained unchanged
and certain for more than ten years before this action was
commenced. In 1902 and 1903 the owner of the south-
east quarter of section 19 built a fence along the north
line of his land, and thereby closed up parts of the old
way. The public then sought and traveled a path or
paths exclusively upon the plaintiff's land. In 1908,
when the plaintiff first learned that the defendants as-
serted a right for themselves and on behalf of the public
to cross said land, he acted promptly, notified them not
to further trespass upon his property; and, when they
insisted upon a right to travel across his land, commenced
this action. The evidence to our minds is not sufficient
to sustain a finding that the defendants or the public,
for ten years next before the commencement of this ac-
tion, have asserted a right to travel a definite path over
and across the plaintiff's land, but that whatever use has
been made of that land has been permissive. No one has
ever resided upon the plaintiff's land, it is not inclosed,

and has been farmed since 1894 by tenants or men in the plaintiff's employ.   The proof is undisputed that those tenants and employees were instructed by the plaintiff to plow and till the land to the dividing line between the quarter sections, and the preponderance of the evidence is to the effect that these directions were carried out.   In 1904 and 1905 J. L. Nofsinger offered to pay the plaintiff's employee if the latter would not obstruct said road.   The public authorities have never worked this road or any part of it, but, so far as we are advised, have refused to recognize it as a public road, although importuned by the defendants and other interested individuals to assume jurisdiction over it and to intervene in the instant case and assert a right on behalf of the public.   There is no claim or pretense that the plaintiff has been paid for any land included within the right of way contended for by the defendants, or that he has dedicated it to the public. Mere willingness to accommodate school children, a neighbor, or the public ought not to be made the basis for a decree wresting from the individual his property rights. The mere fact that a path has been traveled by the public for ten or more consecutive years does not necessarily prove that such use has been adverse to the owner of the fee.   It is a circumstance to be given more or less weight according to the other facts and circumstances testified to by the witnesses or established by the other evidence.

In *Graham v. Hartnett,* 10 Neb. 517, we held that mere user by the public of a way over wild, uninclosed land, or the construction of a bridge in the line of that way by the authorities without the knowledge or consent of the owner of the fee, would not set the statute of limitations running against him.   These were the only points involved in that case.   Subsequently the effect of user by the public in connection with a defective attempt by the public authorities to locate a highway, or in conjunction with positive acts or declarations by the owner indicative of an intent to dedicate his land to public use, has been considered by this court in numerous cases.   In *Engle v.*

*Hunt*, 50 Neb. 358, we stated in the second paragraph of the syllabus: "To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action to recover the land." In that case the law is stated in the affirmative, but the application to the facts is negative. The rule was applied to defeat an asserted highway in *Bleck v. Keller*, 73 Neb. 826, and in *Nelson v. Sneed*, 76 Neb. 201. In *Lewis v. City of Lincoln*, 55 Neb. 1, we stated in the second paragraph of the syllabus: "To establish a highway by prescription there must be a continuous user by the public under a claim of right, distinctly manifested by some appropriate action on the part of the public authorities, for a period equal to that required to bar an action for the recovery of title to land."

Counsel for the defendants argue that the district court felt bound by the law announced in *Lewis v. City of Lincoln, supra,* they challenge the soundness of that rule, and assert that but for said case the decree would have been in favor of their clients. We find nothing in the record to support this assertion. The law is correctly applied to the facts in *Lewis v. City of Lincoln, supra.* The plaintiff in that case sought to have its title quieted to a strip of land within the defendant's inclosure, but claimed by the plaintiff as part of Twenty-seventh street. There was no proof of a dedication by any owner of the land, and the testimony concerning an easement was insufficient to sustain a judgment for the plaintiff upon that issue. The public had a way along the street, but the city did not have possession of, or the public use of, any part of the tract in dispute. *Engle v. Hunt* is approved in *Lewis v. City of Lincoln.* In *Hill v. McGinnis*, 64 Neb. 187, *Lewis v. City of Lincoln* is cited in the syllabus, but *Engle v. Hunt* is also referred to with approval in the body of the opinion. The travel in that case had

varied from four to eight rods across the plaintiff's land, and we held a way by user did not exist. In *Kansas City & O. R. Co. v. State*, 74 Neb. 868, *Lewis v. City of Lincoln* is cited and followed. In that case there had been no user. In *Brandt v. Olson*, 79 Neb. 612, we held: "Evidence of ten years' use by the public of a road through cultivated land without substantial variance, with the knowledge and acquiescence of the owner for a period of ten years, raises the presumption of an implied dedication and acceptance of such road as a public highway." *Engle v. Hunt* and *Bleck v. Keller*, *supra*, are cited with approval, but no mention is made of *Lewis v. City of Lincoln*. In *Kendall-Smith Co. v. Lancaster County*, 84 Neb. 654, *Engle v. Hunt* is cited with approval, and no reference is made to *Lewis v. City of Lincoln*, and the same situation exists in *Brym v. Butler County*, p. 841, *post*. Professor Angel says that, strictly speaking, the law of prescription does not apply to highways, because the law allows a prescription only to account for the loss of a grant, and the public cannot be a grantee in a deed because it has no capacity to take or convey an estate. Angel, Highways (3d ed.) sec. 131. The author of the textbook states that, notwithstanding this seeming barrier to the application of the law of prescription to highways, the doctrine has been applied to highways by many courts. In Nebraska the statute of limitations is one of repose, and not of presumptions. *Gatling v. Lane*, 17 Neb. 80; *Ballou v. Sherwood*, 32 Neb. 666. Whether we say that ten years' continuous adverse user raises a presumption of dedication, or that it vests the public with an easement of the right to travel the way, is not material, the same conclusion is reached by either process of reasoning. The position taken by this court in *Engle v. Hunt* and *Brandt v. Olson*, *supra*, is supported by the courts of sister states. *Town of Marion v. Skillman*, 127 Ind. 130; *State v. Hunter*, 5 Ired. Law (N. Car.) 369; *Valentine v. City of Boston*, 22 Pick. (Mass.) 75; *Arndt v. Thomas*, 93 Minn. 1; *Earle v. Poat*, 63 S. Car. 439,

453; *Onstott v. Murray,* 22 Ia. 457; *Dow v. Kansas City S. R. Co.,* 116 Mo. App. 555; *Whitesides v. Green,* 57 Am. St. Rep. 740 (13 Utah, 341), and monographic note thereto.

A consideration of the opinions of this court upon the subject impels us to say that the rule announced in *Lewis v. City of Lincoln, supra,* and the other cases following that decision, should not be strictly applied. Proof that the officers having control of the highways in a county or municipality worked a way or exercised other acts of dominion over it to the knowledge of the owner of the fee should convince the trier of fact that from thenceforward the use was adverse to such owner, but circumstances may be such in a particular case that the road overseer, the county commissioners or the supervisors would have no occasion to work the road, to compel the landowner to cut the weeds growing along the beaten path, or to exercise any other overt act to indicate they were assuming jurisdiction over a highway, and yet the user may have been under a claim of right to the knowledge of the owner of the fee. In such cases the litigant should consider what has been said in *Engle v. Hunt, Brandt v. Olson,* and *Kendall-Smith Co. v. Lancaster County, supra.* Giving the defendants the benefit of the last cited cases, we are satisfied the evidence amply sustains the judgment of the district court.

2. The defendants argue that the plaintiff has an adequate remedy at law, and that a court of equity is without jurisdiction to enjoin them from committing a trespass upon the plaintiff's land. The subject is an interesting one, but will not be pursued, because the defendants made no objection to the form of action before the decree was rendered, but asked for equitable relief, to the end that they might be confirmed in a right to travel the path across the land in controversy. Having voluntarily submitted to the jurisdiction of the court, they will not be heard to say, after decree has been entered

against them, that the action should have been tried at law. *Sherwin v. Gayhagen,* 39 Neb. 238.

The judgment of the district court is right, and is

AFFIRMED.