Stalder v. Miles.

RALPH STALDER, APPELLANT, V. SAMUEL A. MILES ET AL.,
APPELLEES.

FILED APRIL 11, 1922.   No. 21770.

1. **Injunction:** CLOSING PRIVATE WAY. The owner of land will not
be enjoined from closing a road or trail by building a fence across
it, where the proof does not establish that a way has been dedi-
cated by him or his predecessors in title, or that the public has
acquired a right by prescription.

2. **Licenses:** REVOCATION. A mere license to use a way across open,
uninclosed and uncultivated prairie land may be revoked at any
time, regardless of how long the use has been permitted.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*John Wiltse* and *J. E. Leyda,* for appellant.

*Dort & Cain* and *Clarence G. Miles, contra.*

Heard before LETTON, DEAN and DAY, JJ., SEARS and
WESTOVER, District Judges.

SEARS, District Judge.

The question in this case is, whether a certain road or
trail across certain uninclosed lands had become a legal
highway by dedication or prescription. The district court
found in favor of defendants and denied the injunction
which was sought to prevent the building of a fence across
the alleged highway. The only questions involved are
questions of fact.

To establish a road by dedication, evidence of acts upon
the part of the owner showing such intent must be pro-
duced. Mere acquiescence or permission to use the road
does not operate to deprive the owner of his property.
*Graham v. Hartnett,* 10 Neb. 517; *Postal v. Martin,* 4 Neb.
(Unof.) 534; *Van Wanning v. Deeter,* 78 Neb. 284. The
road or trail had been used for many years by a few people
living in the vicinity. It was what is usually termed a
"neighborhood road." From a point where a fence had

been built on the line of the southwest quarter of section 29, it traversed open and uninclosed prairie land. It did not always follow the identical course, although the general direction was the same. We find no evidence to justify a finding that there was ever an intention on the part of the owners of the land at any time to establish a road by dedication.

Neither do we find convincing proof that the road had been established by prescription, under the rule of *Engle v. Hunt,* 50 Neb. 358, and *Smith v. Nofsinger,* 86 Neb. 834. The burden was upon plaintiff to prove this. The evidence convinces us that the use of the road or track had always been by permission until it was sought to inclose the land traversed by it. It crossed diagonally a tract of 800 acres owned in a body by defendant and his predecessor in title. While the fact that revocation of the license to travel this way will inconvenience plaintiff and cause him to travel a greater distance to reach one of his farms, and other farmers in order to reach a town, may be regretted, the remedy is to follow the method prescribed by the statute for the establishment of a public highway and apply to the public authorities for relief in this respect. It would serve no useful purpose to set out the evidence in detail. The judgment of the district court was right, and it is

AFFIRMED.