CHRIST ENGLE, APPELLEE, V. GEORGE HUNT, APPELLANT.

FILED JANUARY 19, 1897.   No. 6966.

1. **Highways: PRESCRIPTION: EVIDENCE.** The existence of a legal public road over the premises of a private person may be shown by user alone, but in such case the user must have been with the knowledge of the owner and have continued the length of time necessary to bar an action to recover the title to land. This rule, however, does not apply when the user is of wild, unenclosed prairie land. *Graham v. Hartnett,* 10 Neb., 517, approved and followed.

2. ———: ———. To establish a highway by prescription there must be a user by the general public under a claim of right, and which is adverse to the occupancy of the owner of the land, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action to recover the land.

3. ———: **EASEMENTS.** To acquire an easement or way on another's land there must be a use of the way for the length of time which will bar an action for the recovery of title to land, and which is under claim of right, or adverse.

4. ———. The evidence *held* sufficient to sustain the findings and judgment.

APPEAL from the district court of Seward county. Heard below before WHEELER, J.  *Affirmed.*

*Norval Brothers* and *George W. Lowley*, for appellant.

References: 2 Am. & Eng. Ency. Law, 651, 712; *Taft v. Commonwealth*, 33 N. E. Rep. [Mass.], 1046; *Wayne County Savings Bank v. Stockwell*, 84 Mich., 586; *Reimer v. Stuber*, 59 Am. Dec. [Pa.], 744; *French v. Marstin*, 57 Am. Dec. [N. H.], 294; *Worrall v. Rhoades*, 30 Am. Dec. [Pa.], 274; *Nelson v. Jenkins*, 42 Neb., 133; *Weld v. Brooks*, 25 N. E. Rep. [Mass.], 719; *Colburn v. Marsh*, 68 Hun [N. Y.], 269; *Garrett v. Jackson*, 20 Pa. St., 331; *Pierce v. Cloud*, 82 Am. Dec. [Pa.], 496; *Hamilton v. White*, 5 N. Y., 9; *Sims v. Davis*, 34 Am. Dec. [S. Car.], 583.

*Biggs & Thomas* and *Thomas A. Healey*, contra.

HARRISON, J.

The appellee filed a petition in the district court of Seward county, in which it was alleged that he was the owner of, and in possession, and had been since a day not definitely stated, of certain described portions of sec- tion 26, in township 10 north, of range 3 east of the 6th P. M. in Seward county, and that said premises were, and had been during several years preceding the commence- ment of this suit, enclosed by a fence; that on or about the 3d day of April, 1893, and at other times subsequent thereto, the appellant wrongfully and unlawfully de- stroyed, broke, and removed the gates of appellee on said premises and used a portion of the land of appellee as a road or highway.  A threatened continuation of the alleged trespasses was pleaded, and the petition con- cluded with a prayer that the appellant be enjoined from committing any and all of the threatened acts.  To the petition the appellant filed an answer, in which it was admitted that he had done the things with the doing of which he stood charged in the petition, but pleaded that

he was the owner of certain portions of the same section
of land described in appellee's petition; that there was a
public highway on and along the half section line run-
ning east and west through said section, which had be-
come such public highway or road by the length of time
which it had been in use as a road by the public or had
been established as a highway by prescription. It was
further set forth that the appellant had, by use or by
prescription, acquired an easement, a right to pass to and
from his land, along the line aforesaid and over the ap-
pellee's land; that there had never been any fence prior
to the time (January, 1893), when it was alleged appel-
lant tore one down "at the place where it was pleaded the
trespass in this particular was committed, and that he
removed the fences then and there, and at the other times
stated in the petition, for the reason that they constituted
obstructions to the road or highway and barred him from
the rightful use and enjoyment thereof. To this answer
a reply was filed, and of the issues joined a trial resulted
in a judgment for the plaintiff, from which the defendant
has appealed to this court.

Counsel for appellant contend that the findings and
judgment of the trial court were not sustained by the evi-
dence and were contrary to the weight thereof; and that
under the rules of law applicable to the facts as they ap-
peared in the evidence, the judgment was erroneous. It
was undisputed that no plat of any road on the half-sec-
tion line in question had ever been made or recorded; and
further, that no work had ever been done by the public
or at public expense, on the line as a road. A number
of persons who had known the section in the early days
and years of the settlement of Seward county, and some
of them during the years which had intervened to the
time of the trial, and others of them only during portions
of such time, were sworn and testified in regard to the
land of section 26 and the roads across it, and more par-
ticularly the parts of the section which, at the time of the
trial, belonged to appellee. It appeared in evidence that

twenty-three or more years prior to the date of the trial the land was "raw" or uncultivated prairie, and, as some of the witnesses in substance expressed it, "Everyone had a road, or drove wherever his fancy or necessity dictated." There were few fixed roads, but many "trails or tracks" as they were called. Several of the witnesses state in respect to the road across the land of appellee, in the early years of the settlement, substantially as did one called for defendant, that "they did not travel along on the half-section line, but used to angle across the land." It further appeared that the travel over this land was in the main, at first, by parties going to the river, which ran along near the other side of the section from that where the land afterwards purchased by the appellee was situated, to reach the timber which stood there, to cut it for fuel, or buy it of persons who had cut it and had the wood for sale, and haul it home by way of these same prairie roads or "tracks" by which they had come; and by others driving to a place at or near the one end of this half-section line, where the river was fordable or where there was a ford. Some years subsequently, probably during the year 1883 or 1884, a dam was built in the river at a point below the ford, by the effect of which the water at the fording place was so deepened that it was not a safe crossing and people ceased the use of the ford and there was a consequent partial or entire cessation of travel by the general public on the road across the land of appellee and other portions of section 26. At a time between the beginning of travel across the section and its partial ceasing because of the destruction of the ford, some of the land had been plowed and the course of what was designated by the witness as the "angling road" was changed. Three or four years after the road was not generally used, because it was no longer the approach to a ford in the river, fences were made on portions of section 26, and some bars or gates were placed wherever the fences intersected the road in question, there being bars where a traveller would first come upon appellee's

land. The appellant had put up and maintained a gate at the end of the alleged road on his land, which he had kept open or closed as his convenience demanded, leaving it open when he had no live stock in the field through which the road ran, and closing it when the stock was there. The party who owned the land prior to the appellee · purchased it in 1887, and during the month of August of the year 1889 did some fencing by which the course of the road, or track, on the land afterwards owned by appellee, was materially changed. The foregoing are but general statements of some of the main facts disclosed by the evidence. There were many others which gave material support to the contention of either party to the suit, and as to many points the evidence was conflicting, but it was sufficient to sustain a finding that there had not been a use of the half-section line by the public as a road, for the length of time and such as constituted it a public highway. Had the road been along on the half-section line during the time the land remained wild unenclosed prairie, no rights would have accrued to the public by its mere user. (*Graham v. Hartnett*, 10 Neb., 517; *Rathman v. Norenberg*, 21 Neb., 467; *Shaffer v. Stull*, 32 Neb., 94; *Nelson v. Jenkins*, 42 Neb., 137; *Smith v. Smith*, 34 Kan., 293; *State v. Horn*, 35 Kan., 717; *Sutton v. Nicolaisen*, 44 Pac. Rep. [Cal.], 805.)

It is sustained by the evidence that after cultivation of the land commenced the travel over it was in such tracks and directions and under conditions dictated by the owner of the land, and not under a claim of right of a road, and adverse to the rights and control of the owner. Such user, if continued for ten years or more, would not establish a highway by prescription. (Elliott, Roads & Streets, 137; *Shellhouse v. State*, 110 Ind., 509; *Alton v. Meeuwenberg*, 66 N. W. Rep. [Mich.], 571; *Gray v. Haas*, 67 N. W. Rep. [Ia.], 394; *Stewart v. Frink*, 55 Am. Rep. [N. Car.], 618.) In regard to the appellant's claim that he was entitled to a private road or way over appellee's land and along the half-section line, the evidence supports the

finding, which must have preceded the judgment rendered by the trial court, that no such right existed. If there was any, it was gained by prescription, and the trial judge was warranted in concluding that there had not been ten years' uninterrupted user of the line as a road or way by appellant under a claim of right as against the owners of the land; and that there had not been an adverse enjoyment or user,—a use of the way which was not subject to the direction or will or pleasure of the owner; and this being true, no easement had been gained. (2 Washburn, Real Property [4th ed.], 321, 322; *Zigefoose v. Zigefoose*, 28 N. W. Rep. [Ia.], 654.) It follows that the judgment of the district court is

AFFIRMED.