Moll v. Hagerbaumer.

JOHN MOLL, APPELLANT, V. ADOLPH HAGERBAUMER ET AL., APPELLEES.

FILED JUNE 18, 1915.   No. 17938.

1. **Easements: NOTICE TO PURCHASER.** "One who purchases land burdened with an open and visible easement is ordinarily charged with notice that he is purchasing a servient estate." *Arterburn v. Beard*, 86 Neb. 733.

2. ———: PRIVATE WAY: ADVERSE USER. Temporary deviations from a well-defined track to avoid pools or mud do not necessarily affect an easement by adverse user, where the travel has followed substantially the same course for more than the statutory period of ten years.

3. ———: ———: CONSTRUCTION OF GATE. The construction of a gate at the entrance to a private way may be consistent with an easement, where the use of the way has not been thereby interrupted.

4. ———: ———: ADVERSE USER: CLAIM OF RIGHT: PRESUMPTION. Where a landowner has openly, notoriously and continuously used a private way across the land of another for more than the statutory period of ten years, it will be presumed that he did so under a claim of right, and the burden of proving the contrary rests on the owner of the servient estate.

OPINION on motion for rehearing of case reported in 97 Neb. 809. *Former judgment of affirmance vacated, and judgment of district court reversed with directions.*

ROSE, J.

Plaintiff prays for an injunction to prevent defendants from interfering with his use of a private way to a tract of land owned by him in Dodge county, alleging that the road crosses lands of defendants and affords his only means of ingress to and egress from his premises; that he and his predecessors in interest used the way continuously for more than 40 years, and thus acquired by prescription the right to do so; that defendants purchased the servient estate March 2, 1891, with notice of plaintiff's easement, and never questioned his right to exercise it until they

recently obstructed his private way by a fence. The facts on which plaintiff bases his prescriptive right are put in issue by a general denial. Upon a trial of the case the district court found, in substance, that the way in controversy had been the only means of ingress to and egress from plaintiff's premises for more than 40 years; that plaintiff is the owner of any roadway rights possessed by those through whom he acquired title to his land; that defendants closed the way and excluded plaintiff therefrom; that plaintiff used the way with the consent of defendants, and that he had a license to do so, but no easement. From a dismissal of the suit, plaintiff appealed. A hearing here resulted in an affirmance of the judgment on the ground that plaintiff's use of the land of defendants was permissive only. *Moll v. Hagerbaumer*, 97 Neb. 809. Later a rehearing was granted, and the case has been reargued.

If plaintiff had an easement, it was open and visible to defendants when they purchased the servient estate. They were, therefore, chargeable with notice of plaintiff's roadway right, if any. *Arterburn v. Beard*, 86 Neb. 733.

The question for re-examination is the character of plaintiff's use of the private way. Was it permissive merely, under a license revocable at the pleasure of defendants? The answer must be found in the evidence. There is uncontradicted proof that the way to plaintiff's land was traveled as early as 1863. A number of witnesses testified that it had been in existence with a well-defined track for more than 40 years, and that the main travel had taken the same course during all of that time. There is evidence tending to show that travel at times had been diverted from the established way, by dampness or water, but it is clear from the proof relating to this subject that plaintiff's prescriptive rights, if any, were not affected by temporary diversions to avoid pools or mud. *Kendall-Smith Co. v. Lancaster County*, 84 Neb. 654. Plaintiff and his grantors had used the way without interruption or dispute for more than the statutory period of ten years before defendants purchased the servient estate. Defendant Adolph Hager-

baumer himself stated on the witness-stand that he had never interfered with nor questioned plaintiff's use of the way until he obstructed it by the fence of which complaint is made in the petition. For more than 30 years there had been a gate across the road, but it had never been used to interfere with plaintiff in going to and from his land. He claims a private way only, and the gate was intended to protect the rights of defendants, plaintiff and their grantors from the encroachment or trespass of others. The use of a gate for that purpose is consistent with a private easement and does not weaken the claim to such an estate. *Demuth v. Amweg,* 90 Pa. St. 181; *Johnson v. Stayton,* 5 Har. (Del.) 448. Plaintiff said he had never asked permission, but had used the way continuously without interruption as a matter of right. There is nothing in the record to show when or on what terms the user of plaintiff's grantors originated. There being uncontradicted proof that the way was continuously used by plaintiff and his grantors for more than 40 years, the burden was on defendants, who deprived plaintiff of his means of ingress to and egress from his premises, to show that the use was permissive and not under a claim or right. *Majerus v. Barton,* 92 Neb. 685. On this issue the evidence will not justify a finding in favor of defendants. In their behalf a number of witnesses who had hauled wood or sand across the premises of defendants testified to the conclusion that their use of the road had been "permissive." Facts showing a license for this purpose, as distinguished from adverse user, are not stated. Their testimony does not indicate that they understood the legal significance of the word "permissive" as differing from the popular sense in which it is used. Besides, if they correctly stated conclusions of law, their testimony was consistent with prescriptive rights of plaintiff, since the way is a private one, from which the public generally may be excluded. Defendant Adolph Hagerbaumer testified that Gaylord, his grantor, when selling the land crossed by the private way, said, referring to plaintiff's land:

"You can have that land down there for pasture if you want to, but you have to allow those fellows to have a road to haul their wood out during winter, but you can stop up that road any time you want to; but, if you want to allow them to have the road, then you can have that land down there that they own for pasture for your cattle."

Testimony of this character, if competent, a question not decided, is contradicted by proof more convincing. Defendants afterwards paid plaintiff for pasture without attempting to close the road which led to it. Plaintiff's easement had already been established. The closing of the private way evidently grew out of controversies over pasturage, and sand, and resulted in the illegal act of which plaintiff complains. Defendants have not established a defense, and an injunction protecting plaintiff in his right to the use of a private roadway eight feet wide along the beaten track to his land as described in plaintiff's pleadings and proof should have been granted.

The former decision by this court herein and the judgment below are therefore reversed, and the cause is remanded to the district court, with directions to enter a decree conforming to the prayer of plaintiff's petition.

REVERSED.

. HAMER, J., not sitting.