JOHN C. CARL, APPELLANT, V. WILLIAM C. WENTZ, APPELLEE.

FILED MAY 11, 1928. NO. 26366.

*Craft, Edgerton & Fraizer*, for appellant.

*Thomas & Vail* and *C. F. Barth*, contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

This is an action in tort by John C. Carl, plaintiff and appellant, against William C. Wentz, defendant and appellee. Judgment for defendant. Plaintiff appeals.

Lucy Lord was the mother and duly appointed guardian of plaintiff, a minor. About May 15, 1917, as such guardian, she purchased of the defendant the note and mortgage which furnish the basis of this litigation. She paid therefor the sum of $400 of the moneys of her ward. The defendant on that date duly executed an assignment in writing, transferring the note and mortgage. This assignment, together with the note and mortgage transferred, was delivered to the guardian, who failed to record the assignment, but at all times retained possession of all the instruments. While this assignment was still unrecorded, the defendant, on February 9, 1920, unlawfully executed a release in writing of the mortgage he had theretofore transferred to Lucy Lord, as guardian, and sent it to his son, who caused the same to be recorded on February 13, 1920.

Plaintiff attained his majority on November 11, 1921, and on December 15, 1921, this action was commenced.

Trial appealed from was had to the court without intervention of a jury. At its conclusion the trial court made certain special findings of fact and of law, found generally for the defendant, and entered judgment dismissing plaintiff's action. The special findings of fact thus made and entered were:

"The court further finds that one Lucy Lord, the mother and guardian of the plaintiff, John C. Carl, did, on the 15th day of May, 1917, purchase the mortgage and note in plaintiff's petition described from the W. C. Wentz Company out of the funds in her hands as guardian for said John C. Carl, and that said guardian thereupon received an assignment of the mortgage on the indebtedness secured by it, executed by William C. Wentz, the payee thereof and defendant herein, and that said mortgage note and assignment were delivered to her as guardian for the plaintiff and remained in her possession until she delivered the same to her son and ward, John C. Carl, the plaintiff, when he became of age. The court further finds that on the 9th day of February, 1920, the defendant, William C. Wentz, negligently and wrongfully signed and executed in the state of California a release of said mortgage and delivered the same to Charles W. Wentz in Aurora, Hamilton county, Nebraska, and that the latter wrongfully and fraudulently recorded the same and thereby released of record the mortgage theretofore sold and assigned to said Lucy Lord, guardian of the plaintiff, all without the knowledge and consent of said guardian of the plaintiff. The court further finds that, after the negligent and wrongful release of record by defendant William C. Wentz of said mortgage, a mortgage was given by Charles W. Wentz and wife to the Aurora Building & Loan Association for $3,000 under date January 27, 1920, upon the premises which plaintiff's mortgage had theretofore before said wrongful release been a first lien, and that such mortgage, on account of the wrongful release of the mortgage assigned to plaintiff's guardian, became a legal and

valid lien on said real estate. The court finds the three statements of mechanics' liens mentioned in plaintiff's reply to the amended answer, to wit, A. A. Alden for $145 and interest, Myrl S. Mather for $99.72, and Chas. A. Ronin for $262.70 with interest, had been filed in the office of the county clerk of Hamilton county, Nebraska, after the release by defendant of plaintiff's mortgage, and that said parties were claiming liens thereunder, but that neither at said date or at any time thereafter, within the two-year period limited by law or at all, were the said inchoate claims so claimed, as aforesaid, ever proved up on or perfected or ripened into actual subsisting or valid liens upon said real estate, and that thereafter on the 2d day of July, 1920, said Lucy Lord, as guardian of the plaintiff, recorded her assignment given her by the defendant William C. Wentz, and that said Lucy Lord did, on the 19th day of May, 1921, as guardian of the plaintiff, release of record the lien of the said mortgage then held by her, and that had she not released said mortgage lien the same would have furnished and afforded full and complete security for the note now held by the plaintiff and in her petition described, and the said act of said guardian in releasing her said mortgage lien was the proximate cause of any damage or injury which the plaintiff may have sustained."

The record is without dispute to the effect that the amount unpaid upon plaintiff's note is alleged in his petition, and that the makers are insolvent and have a complete defense in law thereto; that in the bankruptcy proceeding in which this son was a party in interest, and in a bankruptcy court having jurisdiction of the property covered by plaintiff's mortgage, after the execution of the so-called release by the guardian, referred to in the special findings of facts, the property was sold "free and clear of the liens of said mortgage, mechanics' liens and other liens" to an innocent purchaser for the sum of $3,700; that from this sum of $3,700 the mortgage of

$3,000 and all the mechanics' liens referred to in the special findings of the district court were paid in full by the trustee in bankruptcy which practically exhausted this fund thus created.

Facts, though not expressly incorporated in special findings, if conclusively established by the evidence, may, notwithstanding such omission, be considered as found and determined by the trial court. *State v. Allen,* 93 Neb. 826.

Section 8810, Comp. St. 1922, is, in effect, a mandatory requirement that in the trial of a law action by the court without intervention of a jury, the court shall, upon request of either party, in the form of a special finding, state the conclusions of fact found separately from the conclusions of law.

Section 8811, Comp. St. 1922, by necessary effect establishes the rule that, where special findings of fact are inconsistent with the general findings of the court, the former control. This is indeed a general rule.

"The making of findings of fact and conclusions of law is for the protection of both court and parties, the purpose of such findings and conclusions being to dispose of the issues raised by the pleadings, and to make the case easily reviewable by exhibiting the exact grounds upon which the judgment rests. When made, findings of fact are analogous to, and have the force and effect of, a special verdict, and are so considered when passed upon by a reviewing court." 38 Cyc. 1953.

The district court, in effect, finds specially that the release by Lucy Lord, as guardian, of the record of the assignment of mortgage, operated to release the real estate mortgage itself, then held by her as guardian, and was the "proximate cause of the damage or injury which the plaintiff may have sustained." Considering this finding as a conclusion of law, we find the trial court erred. This, in effect, is to hold the plaintiff, then a minor, responsible for the unauthorized and illegal act of his guardian.

It is to be remembered that the tort committed by the defendant, in the execution and recording of the unlawful release of mortgage, was committed against a minor, an incompetent. It affected the guardian only in a representative capacity, and no property or other valuable right was received by the guardian as a consideration of the execution of this release. No property whatever came into the possession of the plaintiff herein as a result of that unwarranted release. It was, in fact, a voluntary act wholly without consideration and wholly unauthorized by any court of competent jurisdiction. It was, therefore, void.

Indeed, it may be said in passing that, if the act be deemed a valid and binding act, it accomplished no more than the restoration of the *status quo* created by Wentz through his fraudulent release, and for the continuance of his own creation he may not complain; for its restoration under the evidence here he can claim no relief or benefit.

"Infant wards cannot be estopped by the unauthorized or illegal acts of a properly constituted guardian. It has also been held that a ward is not estopped to assert any rights to property by reason of any negligence on the part of his guardian." 28 C. J. 1161, sec. 277.

The special findings contained in the record support but one conclusion, and that is that the defendant Wentz wilfully defrauded the plaintiff when the latter was still a minor. As to Wentz, this infant, during minority, was and could be bound neither by estoppel nor by contract. Indeed, during the continuance of that incompetency, the plaintiff possessed no capacity to make the one or to create the other. Equity is deaf when unmitigated fraud is the sole appealing voice.

Wentz' tort created a cause of action against himself in favor of the infant. The law vested this right of compensation in this infant. He could be divested of this right created by this tort under the facts in this case in no manner except by his free and voluntary act, and then only after he had attained his majority. Wentz, in law, was

chargeable with the knowledge of the fact that he wronged an infant when he executed and delivered the unlawful release of mortgage; that the natural and probable results under the circumstances then existing, attending this unlawful act, were: That the release would be recorded; that innocent parties would thereafter deal with the title as relieved from the charge of the mortgage thus released; that rights thus acquired, in view of this recording act, would operate to the prejudice of the infant; that the plaintiff thus wronged was a minor and as such incapable of exercising the rights of self-protection with reference to his property rights until he had attained his majority; such lapse of time between the commission of the wrong and the attainment of majority would naturally operate to increase injury and damage to the minor.

In view of the special findings of fact made by the trial judge, this court finds no difficulty in determining that, whatever may be the rights of third persons who dealt with the title to the land mortgage on the faith of a public record, the record before us now discloses that the mortgage, under consideration, was wrongfully released as between the plaintiff and defendant Wentz; that by reason of such release plaintiff's note, secured by the mortgage, is valueless; and that the rights of plaintiff are wholly unaffected by what was done or what was not done by others during the continuance of his minority. Plaintiff is therefore entitled, on attaining his majority, to demand of the defendant herein full and adequate compensation for all loss or damage sustained by him through and because of the execution, delivery and recording of the release of mortgage.

As it must be conceded that, under the undisputed evidence, the note and mortgage are wholly nonenforceable at the present time, it follows that the defendant Wentz is therefore liable in damages to the plaintiff herein to the extent of the amount unpaid thereon with interest in accordance with their terms.

It follows that the general findings for the defendant and

judgment entered by the district court dismissing plaintiff's action are inconsistent with the special findings of fact set out in this opinion, and are wholly unsustained by the evidence in the record.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.