CARLOTTA HENLEY, APPELLANT, V. LIVE STOCK NATIONAL
BANK ET AL., APPELLEES.

FILED NOVEMBER 16, 1934. No. 29022.

*Marcell & Caldwell,* for appellant.

*Gray & Brumbaugh, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and RAPER, District Judge.

PAINE, J.

This is a cause of action arising out of a purported gift
to Carlotta Henley, plaintiff and appellant, by Hans Lar-
sen, deceased, of a sum of money, represented by his pass-
book, No. 10301, issued by the savings account department
of the Live Stock National Bank, of Omaha, in the sum
of $812 and interest. A jury was waived. The district
court entered a judgment finding that the evidence failed

to prove a gift, and that the defendant, Stephen Hansen, administrator and intervener, was entitled to said savings account, and dismissed plaintiff's action.

The motion for a new trial set out three grounds for reversal: First, the refusal of the court to comply with a written motion requesting special findings of the court, setting out separately its conclusions of law and of fact; second, errors of law occurring at the trial; third, that the verdict is not sustained by sufficient evidence and is contrary to law.

It is necessary to give a rather complete statement of the facts, most of which are not disputed. Hans Larsen, at the time of the purported gift, had been employed as an iceman at the Cudahy ice-house, and had lived for some years at the home of Michael C. Kelley, who had been foreman or superintendent of the Cudahy ice-house for 37 years, and had known Hans Larsen for seven years.

In 1925 Hans Larsen was pensioned at $30 a month, and, in addition to that, had an insurance policy of $500 and the savings deposit in suit in this case. The plaintiff, Carlotta Henley, is the daughter of Michael C. Kelley, and was staying with her parents at the time, having just returned home from the hospital. About 8 o'clock on the evening of April 16, 1932, while Mr. and Mrs. Kelley and Mr. Larsen were sitting at the dining-room table in their home, Mr. Larsen referred to having a pension and his insurance, and then said that he had some money in the bank, and said, "I got a will here, * * * I understand I have got to have two signatures," and Mr. Kelley says that Mr. Larsen requested him and his wife to sign it as witnesses, which they did. Exhibit No. 1 reads as follows:

"Dear Carlotta

"I give to you my money in Live Stock Bank.

"Hans Larsen.

"April 16 1932.

"Witness: Michael C. Kelley,

"Mamie V. Kelley."

As soon as this instrument was signed by the witnesses,

Mr. Larsen put it in his bank book and stepped into the parlor, where Carlotta was sitting, and said, "Carlotta, I will give you this," and he handed her the bank book, with exhibit No. 1 folded inside. Mr. Larsen was apparently in good health at the time, and went fishing the next day, but died June 12, 1932, leaving one sister, Anne Christensen, residing in a suburb of Copenhagen, Denmark.

On July 5, 1932, Carlotta Henley filed a petition to probate this instrument, exhibit No. 1, as a will, setting up that the deceased had no real estate, but had personal property. Proof was furnished by Michael C. Kelley and his wife that they saw the deceased sign the instrument, and signed as subscribing witnesses thereto. On November 9, 1932, the county judge, upon the objections filed by Frank V. Lawson, Danish vice-consul, entered an order denying probate and disallowing said instrument as a will, and appointed Stephen Hansen as administrator of the estate.

Thereafter, on December 14, 1932, the plaintiff herein filed this suit against the Live Stock National Bank and Stephen Hansen, administrator, asking for judgment for $812 and interest for money had and received. Each of the defendants filed answer, and trial was had on January 20, 1933, and the county judge entered judgment on the same day for $824.18 in favor of the plaintiff and against the Live Stock National Bank. The cause was appealed to the district court, and by stipulation tried upon the original pleadings. On June 9, 1933, a jury was waived, the cause was tried to the district court, and after the arguments of counsel the cause was taken under advisement. The next day a motion was filed by the plaintiff, requesting that the court furnish its findings of fact and law separately in the above entitled action. On June 21, 1933, the district court entered its order and judgment, finding that the Live Stock National Bank had an account in the name of Hans Larsen, amounting to $834.82, drawing 2½ per cent. interest, which it held subject to the order of the court, and found that the evidence failed to prove the

existence of a gift to the plaintiff, and that the administrator is entitled to the aforesaid deposit, and entered judgment accordingly.

The first assignment of error is based on the refusal of the trial court to comply with the request of plaintiff for separate conclusions of fact and law, in accordance with section 20-1127, Comp. St. 1929, which was first adopted in 1858, and provides generally that where a jury is waived it shall not be necessary for the court to state its finding except generally, unless one of the parties request it, but in such case the court shall state in writing the conclusions of fact found separately from the conclusions of law.

In the case at bar, it is insisted that the day after the cause was submitted, and within 24 hours after the case was taken under advisement, the plaintiff filed a written motion requesting separate findings of law and fact, and that 11 days later, on June 21, the court entered its final judgment and order, but neglected to comply with said motion. In the argument in this court, it was insisted by Attorney Henry J. Beal that the trial court might have found that the plaintiff was estopped from bringing this action because of her former action, attempting to probate the instrument as a will, or the court might have found that the instrument was a forgery, or it might have found that it was *res adjudicata,* and insists that this is exactly the kind of a case that is covered by the statute to enable the reviewing court to determine clearly upon what facts the trial court based its decision in order to see whether the law was correctly applied to the facts.

This statute has been before this court many times, and in its last appearance, in *National Bond & Investment Co. v. Haas,* 124 Neb. 631, it was there held that the trial judge did not need to make separate conclusions as to the facts, because no oral evidence was taken, and there being no disputed question, all of the facts were stipulated by the parties. In the early case of *Haller v. Blaco,* 14 Neb. 195, it was held that there was but a single conclusion of

fact, to wit, that the court found that the complaint was not true. The defendant also cites the case of *Ross v. Barker,* 58 Neb. 402, in which the court held that the re- quest should be made at the time of trial, and not later than at the final submission of the cause, for the judge should not be called upon at the time of the rendition of his decree to then particularize in regard to every conclu- sion of fact and of law, and that it seems compatible with the true rules of procedure that, if the judge must comply with such a request, the same be made at such a time as will enable him to comply with it conveniently, and cites Elliott, Appellate Procedure, sec. 732, to the effect that, if no time is fixed by law, the request must be made within a reasonable time before action is required upon it. "The trial court should be allowed a reasonable time and op- portunity to consider and decide upon the questions in- volved, and to do what the request requires should be done."

On the other hand, the plaintiff cites several cases sup- porting her request. In *Wiley v. Shars,* 21 Neb. 712, a request was made for separate findings in regard to ques- tions of fact and law, and it was held that it was error for the court to refuse to make such findings, and that such error was not cured by setting out findings in the journal entry overruling the motion for a new trial. In examining the record in this case filed in this court, we find that the trial was had at Kearney, as shown by the bill of excep- tions, before Honorable William H. Morris, who was dis- trict judge in the fifth district, on January 26, 1886, and that on the same day a request was filed that the court make findings of fact and law separately, but on the same day the judgment was entered, which did not set out separate findings. On January 29, 1886, in ruling upon the motion for a new trial, the resident district judge, Francis G. Hamer, made several findings of fact, but this court held that such findings came too late, and did not cure the error of failing to make such findings in the original judgment, as requested.

In *Brown v. Firemen's Ins. Co.*, 106 Neb. 615, this court held that, if there was but a single question of fact, determination of which was decisive of the case, the trial court did not commit prejudicial error in denying request for separate findings.

In *Austin v. Diffendaffer*, 96 Neb. 747, it was held that a refusal to make special findings was not error where the request was made after the entry of the judgment.

In *Carl v. Wentz*, 116 Neb. 880, it is stated that the making of findings of fact and conclusions of law is for the protection of both court and parties, the purpose of such findings and conclusions being to dispose of the issues raised by the pleadings, and to make the case easily reviewable by exhibiting the exact grounds upon which the judgment rests.

This statute, section 20-1127, Comp. St. 1929, has been in the law of Nebraska from the earliest times, and is for the benefit of the litigants as well as the reviewing court. We can find but one case, *Ross v. Barker, supra*, which endeavors to supplement the statute by adding what is not there, and stating that the request must be made before the submission of the case. Where, as in the case at bar, the court stated that he would take the case under advisement, and held the case for some ten days after the request was made, it is our opinion that the trial court should have complied with the request.

The appellant's second assignment of error is that the judgment of the trial court is not sustained by sufficient evidence. The pleadings in the case present a simple issue of fact. The plaintiff in her petition alleges a valid gift *inter vivos* of the money in the Live Stock National Bank on deposit in the savings account by the depositor, Hans Larsen, to her. The Live Stock National Bank admits that it held said savings account subject to the order of the court, and Stephen Hansen, administrator, files a general denial.

The requisites of a gift *inter vivos* are clearly stated, as follows: "To make a valid and effective gift *inter vivos*,

there must be an intention to transfer title to the property, as well as a delivery by the donor and an acceptance by the donee." 12 R. C. L. 932, sec. 10.

The essential difference between a gift *inter vivos* and a gift *causa mortis* is stated in *Sharpe v. Sharpe,* 105 S. Car. 459, 3 A. L. R. 891, as follows: "A gift *inter vivos* does not differ, in its essential elements, from a gift *causa mortis,* except that in the latter the survival of the donor may defeat the gift."

In the case at bar, the evidence discloses that the donor departed this life within 60 days from the time of executing the gift. There is no evidence that the donor changed his mind, or in any way recalled the gift; therefore, the donor had done everything he could do to make this gift complete in the plaintiff, and the plaintiff argues, with good reason, that the trial court erred in finding that the evidence of the plaintiff failed to prove the existence of a gift by Hans Larsen to the plaintiff.

Plaintiff contends that, if the law gives but one remedy to a party, she is not precluded from resorting to that because she has attempted to avail herself of another to which she is not entitled. Plaintiff admits that she attempted to probate the instrument as a will, which the court rightly denied, but she is not now prevented from recovering on it as a gift.

The doctrine of election of remedies, stated in its simplest form, means that if a party has two inconsistent existing remedies on his cause of action, and makes choice of one, he is precluded from thereafter pursuing the other, and this doctrine may be applicable as well where the remedies are against different persons as where they are against the same person. The essential elements of the doctrine are: First, the existence of two remedies; second, the inconsistency between the two remedies; third, the choice of one of these remedies. If any one of these three elements is absent, then the doctrine does not apply.

The pursuit of a supposed but nonexistent remedy does not constitute an election. *Henderson Tire & Rubber Co.*

*v. Gregory,* 16 Fed. (2d) 589, 49 A. L. R. 1503. In this decision there is cited *Bierce v. Hutchins,* 205 U. S. 340: "The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt."

In *Barnsdall v. Waltemeyer,* 73 C. C. A. 515, 142 Fed. 415, the court said: "But the fatuous choice of a fancied remedy that never existed, and its futile pursuit until the court adjudges that it never had existence, is no defense to an action to enforce an actual remedy inconsistent with that first invoked through mistake."

In *McLaughlin v. Austin,* 104 Mich. 489, the court said: "There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had."

"The right to make an election must actually exist, and if it shall appear that it did not then it is quite immaterial, in its bearing upon a subsequent action, that some previous action, looking to a remedy for the plaintiff's loss, had been brought. The plaintiff's previous action was fruitless, because she had no right to maintain it upon her own showing; but that did not preclude her from subsequently bringing an action in which she asserted a right which she possessed. Any step or action taken by her which was fruitless because proceeding upon a misconception of the rights which the law gave her left her unaffected as to any legal remedies which she did possess." *Henry v. Herrington,* 193 N. Y. 218, 20 L. R. A. n. s. 249.

"One is not precluded from resorting to a remedy which the law gives him because he has attempted to avail himself of one to which he was not entitled." *Stone v. Snell,* 86 Neb. 581.

The doctrine of election of remedies has no application where the former action was a futile attempt to assert an alleged right which plaintiff never possessed, and in the

assertion of which he was defeated. 9 R. C. L. 962, sec. 9.

There is no uncertainty in the decisions that, "If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed. * * * The defendants have blocked his recourse to a remedy which he had not. They now say that, because of his mistake, he must be held to have renounced forever the remedy he had. 'There would be no sense or principle in such a rule.' " *Schenck v. State Line Telephone Co.*, 238 N. Y. 308, 35 A. L. R. 1149.

It is a well-established rule that the choice of a fancied remedy that never existed, and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed, or the law applicable to the facts is found to be other than supposed, and though the first action proceeds to judgment, do not preclude the plaintiff from thereafter invoking the proper remedy.

For the reasons stated herein, the court finds that the judgment entered was erroneous, and the cause is hereby remanded to the trial court, with instructions to enter a judgment for the plaintiff, and against the Live Stock National Bank, in the amount of said deposit, interest, and costs.

REVERSED.