JOHN P. KRAMPER, APPELLANT, V. ST. JOHN'S CHURCH OF VISTA ET AL., APPELLEES.

FILED DECEMBER 18, 1936. No. 29773.

*William P. Warner,* for appellant.

*George W. Leamer* and *Sherman W. McKinley, Jr.,* contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

PAINE, J.

This is an action brought by the plaintiff and appellant to quiet title to a small tract of ground of less than an acre adjoining the site of the St. John's Church of Vista in Dakota county. A motion to dismiss the action was made at the close of the plaintiff's evidence and sustained

by the court. The case involves simply a question of evidence.

The plaintiff's evidence, as found in the bill of exceptions, covers 154 pages, and it is impossible to set forth all of the various details, but the salient facts may be stated as follows:

The plaintiff and all of the individual defendants are members of the defendant Catholic church, and the only defendant that filed an answer was this St. John's Church of Vista. Judge W. H. Ryan, former county judge of Dakota county, owned the property, and in 1887, upon request of Father Lysaght, gave a warranty deed for about an acre in the corner of his farm for a church site. Judge Ryan testified that, while the deed was given for a tract including the land in dispute, it was the understanding that the portion in dispute was to be used for a home for the priest whenever they got a priest appointed to that church, and the further agreement was that if he would sign a deed they would fence off what was needed for a church and if the remainder was not needed for the priest's residence they would never ask for it. There was a reversionary clause in the deed that in case it was not used for church purposes it should revert to Judge Ryan, and they placed a fence along the north side of the church property, separating this part which is in dispute from the church property, and that fence remained there for 45 years.

In 1903 Judge Ryan sold the farm to Thomas Hodgins. also conveying the reversionary rights, but in 1907, when they got ready to build a priest's home, they asked to have another site for the home, on higher ground farther away from the creek, and Hodgins deeded to the church a site west of where the church had been built, upon which location the new priest's home was erected.

Some testimony is to the effect that the church agreed to deed him back the other location, but they never gave Hodgins a deed for the tract involved herein. In 1902 Hodgins died, and the plaintiff later purchased the property.

Up to 1907 the record owners had each been willing to concede this tract of land to the church if it had been needed for a priest's home.

Father Gleeson, the priest in charge from 1915 to 1927, testified that he asked consent of Hodgins, the then owner of the disputed tract, before running a tile drain from the priest's home over this tract to the creek.

Plaintiff Kramper came into possession of the 180-acre farm March 1, 1925, and while this disputed tract had been continuously fenced in with the farm for nearly forty years, yet all grantors in their deeds had always exempted the acre of ground for church purposes, which acre included the tract in dispute, and no one of such grantors had ever made claim to the disputed tract by adverse possession.

The appellee argues that, when the plaintiff bought the property from the Hodgins' heirs after the administrator's sale was held up, he knew the deed did not contain this disputed half-acre, and that he must obtain a deed from the church to get title to that, and that he tried to get it from Father McCarthy, Father Gleeson, Father Carmody, the bishop, and also the bishop's attorney, but did not succeed.

The question is thus narrowed down to the plaintiff's possession, and is disposed of by an examination of the evidence to ascertain whether he has had the ten years' possession, such as is required under the law.

In 1 American Jurisprudence, 882, sec. 156, it says: "A deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed. * * * Likewise, where a deed expressly excludes certain property occupied by the grantor in connection with that conveyed, the grantee, even though he succeeds to the possession of that property, cannot tack the grantor's possession to his own."

Section 36-103, Comp. St. 1929, provides that interest

in land with certain exceptions cannot be assigned except by deed of conveyance.

This same question has been before this court in another case, involving church property in Gage county, as set out in the case of *Pohlman v. Evangelical Lutheran Trinity Church,* 60 Neb. 364, 83 N. W. 201, in which this court said: "Possession cannot be tacked to make out title by prescription where the adverse occupant did not come in under another, and the deed under which the last occupant claims title does not include the land in dispute or show any privity between him and his grantor in regard thereto."

The evidence discloses that in 1933 a fence was put up on the west line of the small tract in dispute, and that six weeks later the plaintiff tore it out and immediately went to see Bishop Rummell in Omaha, and in May, 1934, the bishop came up and examined the property, and requested the plaintiff to put back the fence, which he did, and this fence remained there until just before plaintiff began this lawsuit in April, 1935.

It appears that the church has at times in the past used this half-acre of ground for parking purposes when needed, and that it is now necessary for such use every time there are services in the church.

The motion at the close of the plaintiff's evidence consisted of nine separate and distinct paragraphs, the seventh of which is as follows: "That the plaintiff by his own evidence shows that he is not claiming this property by adverse possession, and that any evidence of the claims as to occupancy of said premises is not sufficient in length of time or of such a character as constitutes adverse possession under the laws of Nebraska."

Finding no error in the record, the order of the district court, dismissing the plaintiff's petition, was right, and is hereby

AFFIRMED.