LOYD BUTTS, APPELLEE, V. CECIL HALE, APPELLANT.

59 N. W. 2d 583

Filed July 3, 1953. No. 33355.

John A. Young, Alfred D. Raun, Keith Hopewell, and Van Pelt, Marti & O'Gara, for appellant.

Ellenberger & Pipher, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Loyd Butts, plaintiff and appellee, against Cecil Hale, defendant and appellant, for an injunction to enjoin the defendant from closing and destroying a road across certain land owned by the defendant in Burt County, Nebraska.

Trial was had to the court at the conclusion of which a decree was entered granting the injunction prayed for by the plaintiff. A motion for new trial was duly filed. This motion was overruled. From the decree and the order overruling the motion for new trial the defendant has appealed.

At the time this action was instituted, which was May 25, 1948, the plaintiff was the owner of a square quarter-section of land in Burt County, Nebraska. He had purchased this land in 1948. Immediately to the north and adjoining the defendant owned a square quarter-section of land except for about five acres which is cut off by a certain creek. He purchased this land in 1947.

There is a state highway extending from the southwest of defendant's northwest 40 acres generally in a northeasterly direction to the northeast corner of this 40 acres. From a point on this highway somewhat west of the center of this 40 acres what is referred to in the record as a road and a trail extends almost directly southward through the remainder of this 40 acres and onward through the adjoining 40 acres of defendant. From the south line of defendant's land it extends southeastward to the farm buildings of plaintiff and beyond

in a southeasterly direction. Plaintiff's buildings are in the southeast quadrant of his northwest 40 acres. The approximate length of this road or trail from the state highway to plaintiff's buildings is one-half mile.

In 1948, after acquiring his land, the defendant closed this road or trail from the state highway to the south line of his land. By the terms of a temporary injunction the plaintiff was permitted to reopen it pending a determination of the question of whether or not he had the right to have it remain open permanently.

By the decree herein it was determined that the plaintiff did have the right to have it remain open for his use permanently.

What we regard as the controlling facts are not in substantial dispute. Just when this road or trail came into being is not established. It is reasonably certain that it was established as early as 1888. It has been in continuous and uninterrupted existence from that time until 1948 when the defendant attempted to close it. How it came to be established or came into being is likewise not known.

The lands and buildings now owned by the plaintiff have never had an outlet, road, or trail to a public highway since 1888 except this one. The owners of these lands, and others in the vicinity for a long time, used this as their sole means of ingress and egress. Those of the public who had occasion to enter this area used this way freely and without interference.

At the north end is a gate and at the line where plaintiff's and defendant's land adjoin there is another gate. When the land of defendant adjacent to the roadway was being used for pasture the gates were kept closed and they had to be opened and closed with passage thereover. When the lands were not so used they were left open.

There is not now any other means of ingress to or egress from plaintiff's buildings.

It is true that plaintiff could travel to the southeast

corner of his quarter-section of land and from that point construct a roadway eastward for about a quarter of a mile to an existing township road. This he could do since he has an easement over the land to the east of his southeast corner.

The defendant insists that since the plaintiff may do this he has no right to use the road or trail now being used over defendant's land.

On the other hand the plaintiff substantially contends that he has an established right to use this road or trail which may not be interfered with or destroyed by defendant no matter whether he may or may not have available another possible means of ingress or egress.

To sustain his position the plaintiff relies on two rules. One of these rules relates to rights which are peculiar to the plaintiff himself and the other relates to a public right.

The one which is peculiar to himself is that where a claimant has shown open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, such use will be presumed to be under claim of right. This rule finds support in Majerus v. Barton, 92 Neb. 685, 139 N. W. 208, Dormer v. Dreith, 145 Neb. 742, 18 N. W. 2d 94, and Jurgensen v. Ainscow, 155 Neb. 701, 53 N. W. 2d 196.

Where such a situation is found to exist the presumption prevails unless it is overcome by a preponderance of the evidence. Majerus v. Barton, *supra;* Moll v. Hagerbaumer, 98 Neb. 555, 153 N. W. 560; Jurgensen v. Ainscow, *supra.*

There can be no question here that from 1888 continuously, for much more than the period of time necessary to acquire an easement by adverse user, open, visible, continuous, and unmolested use of this road or trail was shown. Also there was no evidence whatever to overcome the presumption that the use was under claim of right.

The other rule is that evidence of 10 years' or more

use by the public of a road through cultivated land, without substantial variance, with the knowledge and acquiescence of the owner, raises a presumption of implied dedication and acceptance of such road as a highway. Engle v. Hunt, 50 Neb. 358, 69 N. W. 970; Brandt v. Olson, 79 Neb. 612, 113 N. W. 151; Dormer v. Dreith, *supra*.

The evidence without question discloses that, to the extent that it desired, the public used this road and that such use was with the knowledge and acquiescence of the owner or owners. There was no evidence adduced to overcome the presumption of an implied dedication.

Thus under these rules the record discloses that long before the parties here became interested in the properties involved, in legal contemplation, this way became a road subject to uninterrupted use by the owner of what is now the Butts land and by the public.

The right over the Hale land which flowed to the owner of the Butts land at the time the right came into being passed in succession to subsequent grantees. Smith v. Garbe, 86 Neb. 91, 124 N. W. 921, 136 Am. S. R. 674; Dormer v. Dreith, *supra*.

It must follow then that the right to the use of the road continues unless somewhere along the line, as the defendant contends, the right was lost or extinguished.

The defendant in this connection contends that a time came when there became a common ownership of the Hale land and the Butts land which merged the easement with the title thus destroying and extinguishing the easement.

The facts in this connection are that prior to the date of her death the Hale land belonged to Almeda Connealy, the mother of J. W. Connealy. On December 28, 1923, J. W. Connealy received title to the Hale land from his mother subject to a life estate retained by the mother. The mother died in 1928 at which time her life estate expired.

In 1919, J. W. Connealy purchased the Butts land and thus became the owner of the right to the road over the Hale land.

Prior to the time that J. W. Connealy obtained title to the Hale land subject to the life estate of his mother he gave a mortgage on the Butts land to the Peters Trust Company which mortgage was duly assigned to the Connecticut General Life Insurance Company. The description of the land in the mortgage contained the following: "Together with all rights thereunto appertaining * * *."

The right to the use of the road over the Hale land was open and apparent and in fact was at the time being exercised the same as it had been since 1888.

Certainly at the time the mortgage was given there had been no merger. Connealy had an interest in the Hale land but he did not have full title or the right to the use thereof until after the death of his mother in 1928. From 1919 until 1928 J. W. Connealy himself used and obviously was entitled to use the road over the Hale land by virtue of its establishment as hereinbefore explained and on no other basis. This was his only outlet from the Butts land. Over this period he himself was an adverse user of the road.

Whatever right he had he conveyed to the Peters Trust Company by his mortgage. It is true of course that by the mortgage there was no absolute conveyance of title. There was however a conditional conveyance. This court has said that a mortgage is security in the form of a conditional conveyance. Barber v. Crowell, 55 Neb. 571, 75 N. W. 1109.

This being true it must follow that the conditional conveyance is of the very interest belonging to the estate conveyed, including appurtenances or easements extending over adjacent lands, all of which would pass to a purchaser in case of foreclosure and sale of the mortgaged land.

In Hart v. Beardsley, 67 Neb. 145, 93 N. W. 423, it was said: "A foreclosure sale of lands and tenements, unless the decree otherwise provides, transfers to the purchaser every right and interest in the property of all parties to the action."

In Swedish-American Nat. Bank v. Connecticut Mutual Life Ins. Co., 83 Minn. 377, 86 N. W. 420, it was said: "There can be no difference between the rights acquired under a deed and those granted and secured under a mortgage. While the mortgage is but a conditional sale and transfer of the incumbered estate, the sale becomes absolute, and all rights of the mortgagor pass to the mortgagee on foreclosure. * * *

"Every right or interest held by a mortgagor in and to the mortgaged property, together with all subsequently acquired rights, easements, and privileges, which are necessary and essential to the full enjoyment of the property, pass with the mortgage, and that, too, though reference is not specially made in the mortgage to anything further than the particular property conveyed. Under this rule it is held that an easement passes with the land to which it is appurtenant without express reference to it in the deed of conveyance."

The mortgage on the Butts land was foreclosed in 1932 and title passed to the Connecticut General Life Insurance Company. It thereby acquired all of the rights theretofore existing to the road in question.

Plaintiff's title flowed to him in due and direct course from the Connecticut General Life Insurance Company. Thus he acquired and is entitled to all of the rights to the road obtained by the Connecticut General Life Insurance Company, which is the right to the full, complete, and free use of the road.

It is our opinion that on the facts hereinbefore considered and the legal principles set forth it has been demonstrated that there has been an implied dedication of this road as a public road which dedication is in full force and effect, as well as a road peculiar to the plaintiff.

The prayer of the petition does not seek a determination of the question of dedication but the petition does tender it as an issue, therefore it has appeared proper to make a determination upon it.

For the reasons herein set forth the decree of the district court is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.